304 So.2d 478 (1974)
TOWN OF MICANOPY, Appellant,
v.
John L. CONNELL et al., Appellees.
No. U-413.
District Court of Appeal of Florida, First District.
December 10, 1974.
*479 Lynn M. LoPucki and Herbert T. Schwartz, Schwartz, Schwartz & LoPucki, Gainesville, for appellant.
John F. Roscow, III, Scruggs, Carmichael, Long, Tomlinson, Roscow, Pridgeon & Langdon, Gainesville, for appellees.
McCORD, Judge.
This is an appeal from an order dismissing appellant's complaint with prejudice.
By its complaint, appellant alleged it was the owner of certain rights-of-way through appellees' property "as indicated on" a certain plat which had been recorded in the public records of Alachua County, the map being attached to the complaint. Appellant sought a declaratory judgment. Appellees filed a motion to dismiss and an answer and appellant filed a motion to strike portions of the answer and the motion to dismiss. The trial court entered its order granting the motion to dismiss the complaint with prejudice.
There is no question but that the trial judge's dismissal of the complaint was correct as it wholly fails to state a cause of action. The only issue here is whether or not the dismissal should have been with leave to amend.
In his order of dismissal, the trial judge found that:
"It is undisputed that those streets had never been opened and that they have been under fence and used as a cow pasture for many years and have never been opened for public use. In other words, they exist only upon the map."
Appellant's counsel contends that at the hearing on the motion to dismiss, he stated to the court that he could produce evidence that the streets had been opened and that the State of Florida Archives in St. Augustine may have documents showing dedication. He filed his affidavit in support of a "Motion for Rehearing and to Amend the Complaint" asserting that he did make such statements to the court at the hearing. We make no finding or ruling whether or not the apparently disputed statements were made at the hearing on the motion to dismiss. There is no reporter's transcript of the hearing in the appeal record and the hearing was probably not reported. A determination *480 of this question is not essential to the ruling which we here make, however.
Rule 1.190, F.R.C.P., provides that leave to amend a pleading shall be freely given when justice so requires. This is generally interpreted to allow a plaintiff to at least amend his complaint one time in an attempt to state a cause of action unless, of course, it is clear that a plaintiff will not be able to state a cause of action. As this court stated in Brown v. Montgomery Ward and Company, Fla. App.(1st), 252 So.2d 817, doubts should be resolved in favor of allowing amendments unless and until it appears that the privilege to amend will be abused. In Brown this court further said:
"The court may, in its discretion, deny any party the right to amend his pleadings if the proposed amendments will change or introduce new issues or materially vary the grounds for relief, or where the filing of such pleadings will delay the suit by necessarily requiring a continuance under circumstances which would be unduly prejudicial to the opposing party... ."
It does not appear that any of these circumstances exist in the case sub judice.
In Weich v. Cook, Fla.App.(1st), 250 So.2d 281, this court quoted from its previous opinion in Richards v. West, Fla. App.(1st), 110 So.2d 698, 701 as follows:
"The advent of modern rules of procedure has brought with it the policy of allowing litigants to amend pleadings freely in order that causes may be tried on their merits. Granting leave to amend rests of course, in the sound discretion of the trial court; but doubts should be resolved in favor of allowing amendment unless and until it appears that the privilege to amend will be abused."
Appellees argue that the order dismissing the complaint should be treated as a judgment on the pleadings, but appellees' motion was to dismiss the complaint and we find no authority under the Florida Rules of Civil Procedure for treating an order granting a motion to dismiss a complaint as a judgment on the pleadings nor has any such authority been cited by appellees.
While the trial court was correct in its dismissal of the complaint, it was an abuse of discretion not to allow appellant to amend.
Reversed with directions to enter an order allowing appellant a reasonable time to file an amended complaint.
SPECTOR, Acting C.J., and BOYER, J., concur.