PER CURIAM.
The state has filed a “Suggestion for an Order Temporarily Relinquishing Jurisdiction to the Trial Court” for an evidentiary hearing upon appellant’s Rule 3.850, F.R. Cr.P., motion. The suggestion recites that the state attorney and the trial judge both agree that such should be done. The only points raised by appellant in his brief are predicated upon the trial court’s denying appellant’s motion without a hearing.
Appellant has filed in this cause a request for appointment of counsel to represent him in any evidentiary hearing held at the trial court level. Appellant has previously filed an affidavit of insolvency and was represented in the trial court on the information to which he pled guilty by the Public Defender of the Third Judicial Circuit. The allegations of his motion now before the court raise a conflict of interest between him and the Public Defender. We consider that appellant should be represented by an attorney at the hearing.
Reversed and remanded with directions that a hearing be held on appellant’s Rule 3.850, F.R.Cr.P., motion and that an attorney other than the Public Defender be appointed (pursuant to § 27.53, Florida Statutes) to represent appellant on his motion.
RAWLS, C. J., and McCORD and JOHNSON, JJ., concur.