GRIMES, Judge.
The plaintiff appeals from an order denying his motion to file an amended complaint and dismissing the cause with prejudice.
In his original unsworn complaint, the plaintiff alleged that he and the defendant had entered into a partnership “for the purpose of carrying on the business of buying and selling real estate and other related businesses.” He alleged that by the terms of the oral partnership agreement all properties would be taken in the name of the defendant because there were outstanding judgments against the plaintiff. Pursuant to the agreement, he asserted that certain properties had been bought and sold at a profit and that he had not received his share of these profits. He further alleged that the defendant had refused to acknowledge his interest in other partnership property still held in the defendant’s name. Plaintiff asked the court to enjoin the defendant from disposing of the remaining assets of the partnership and to require the defendant to render an accounting.
Following a hearing, the court entered an order stating:
“1. That the alleged partnership agreement was established, according to the Plaintiff’s Complaint, for the purpose of allowing the Plaintiff to operate as a real estate salesman without obtaining a real estate license and for the further purpose of defrauding Plaintiff’s creditors.
“2. That such purposes are either illegal or contrary to public policy, or both.
“3. That if the allegations of said Complaint are proven they would not warrant a court of equity in finding *125 that a legal partnership existed between the Plaintiff and the Defendant; . ”
The complaint was dismissed without prejudice. Thereupon, the plaintiff filed a motion to file an amended complaint. The proffered amended complaint read essentially the same as the original complaint except that it alleged that the parties had agreed that all properties would be taken in the name of the defendant “for purposes of convenience.” The plaintiff also filed an affidavit in which he swore that he had not acted as the realtor in any transaction for the partnership and that he did not have title in the properties taken in the defendant’s name to defraud creditors but only for purposes of convenience. In the order denying the motion to amend, the judge observed that the amended complaint simply omitted certain facts set forth in the original complaint and that the plaintiff could not escape from the facts which he had previously pled.
While the pleading and procedure followed by the plaintiff left something to be desired, we believe that he should have been permitted to file his amended complaint. On its face, it clearly stated a cause of action. There was nothing in either complaint to' suggest that the parties were dealing with anyone’s real estate other than their own. The plaintiff was not bound to his original allegations about his creditors. A party is not es-topped to maintain an inconsistent position in his pleadings unless the previous position has been successfully maintained. Olin’s, Inc. v. Avis Rental Car System of Florida, Fla.1958, 104 So.2d 508.
At this stage in the litigation, it is not necessary for us to pass upon the question of whether the equitable rule which bars the recovery of assets conveyed to others in fraud of creditors[1] is applicable to a situation where a party with existing creditors goes into partnership and causes subsequently acquired assets to be placed solely in the name of his partner.[2]
The order of dismissal is reversed, and the cause is remanded for further proceedings.
McNULTY, C. J., and SCHEB, J., concur.

. Spector v. Ahrenholz, Fla.App.3rd, 1958, 107 So.2d 34.

. See Vercesi v. Petri, Pa.1939, 334 Pa. 385, 5 A.2d 563.