HENDRY, Judge.
This appeal is taken by appellant/plaintiff from two orders of the trial court which dismissed with prejudice appellant’s amended complaint.
The gist of the amended complaint was that appellant, a wholesale travel tour agency, had been financially damaged by alleged faulty advice and misrepresentation furnished by appellees/defendants, consultants to the airline industry. Said advice centered around the legality and propriety of a certain plan whereby appellant would “cause an appropriate hotel in the Bahamas to lease an aircraft so that plaintiff could sell to the public a complete tour package that would include transportation and hotel accommodations for a package price.” The plan was found to be violative of certain *32 Civil Aeronautics Board regulations which need not be discussed. By virtue of the Board’s rejection of the plan, appellant, having allegedly acted upon appellees’ “go ahead,” suffered financial detriment and lost profits.
The trial judge, upon motion, dismissed this amended complaint with prejudice on the ground that the cause of action, as alleged, did not comport with the contents of an attached exhibit (opinion letter) to the amended complaint. The trial judge was apparently of the view that the alleged faulty opinion expressed in the exhibit was offered in response to a plan which significantly differed from the scheme appellant had alleged in its amended complaint and had actually undertaken.
While we are in agreement with the trial judge that the amended complaint failed to state a cause of action, we are of the opinion that the court should have permitted appellant to amend its pleading a second time for the purpose of clarifying its cause of action and, if possible, conforming said cause of action with the attached exhibit. The allowance of a second amendment is in complete harmony with the liberality of Florida Rules of Civil Procedure 1.190 and, given the fact that appellant had not previously abused its right to amend, the denial of same by the trial judge amounted to an abuse of discretion. Bradham v. Hayes Enterprises, Inc., 306 So.2d 568 (Fla. 1st DCA 1975); Town of Micanopy v. Connell, 304 So.2d 478 (Fla. 1st DCA 1974).
Accordingly, the orders of dismissal with prejudice are reversed and remanded with directions to allow appellant the opportunity to file a second amended complaint.
Reversed and remanded with directions.