PER CURIAM.
Plaintiff, Jack Whitelock, and defendant, James Geiger, appeal an order denying relief to Whitelock on his complaint to collect the monies due and owing from Geiger on two promissory notes, and to Geiger on his counterclaim seeking damages for fraud and breach of an oral contract.
James Geiger was the owner-operator of Bahama-American, Inc., a truck-stop business which was losing money. Geiger hired Jack Whitelock to act as economic advisor for the purpose of developing the business into a profitable venture. Geiger contends that in the event this goal could not be attained, Whitelock agreed to arrange for the sale of Bahama-American which would net Geiger not less than one million dollars. Subsequently Geiger and Bahama-American executed two promissory notes for $50,-000 and $26,000 in favor of Whitelock for loans in those amounts with the understanding that the notes were to be satisfied from the proceeds of the eventual sale of the business. Thereafter, upon the advice of Whitelock, an offer to purchase Bahama-American by Ground/Data Corporation was turned down, and under Whitelock’s direction, Geiger placed Bahama-American into voluntary bankruptcy. Whitelock, without Geiger’s knowledge, entered into a private agreement with First Federal Savings and Loan Association, the major secured creditor of Bahama-American, whereby First Federal withdrew from the bankruptcy proceedings and foreclosed on the business. Pursuant to the agreement White-lock then purchased the business[1] from First Federal for $1,600,000. Whitelock then instituted the present suit to collect the monies due under the two promissory notes upon which Geiger defaulted. Geiger counterclaimed for damages for (1) breach of a fiduciary relationship, (2) breach of the alleged oral contract, and (3) fraud inasmuch as Geiger had refused to pay him a million dollars and further refused to pay the creditors of the now bankrupt Bahama-American, Inc. Whitelock asserted as defenses to Geiger’s counterclaim that the alleged oral agreement (1) was barred by the statute of frauds, (2) was void as a restraint against trade, and (3) violated public policy (i. e. using the federal bankruptcy laws to default the creditors of a corporation). The trial judge entered partial summary judgment for Whitelock on the notes but withheld execution pending adjudication of Geiger’s counterclaim. An evidentiary hearing was held to determine the validity of Geiger’s counterclaim and affirmative defenses. After the hearing, the judge entered the following order:

*374 “THIS MATTER having come on to be heard before the Court for Final Hearing on the issues of statutes of fraud fiduciary relationship and a fraudulent scheme between the parties attending bankruptcy proceedings, other issues are rendered moot by this decision.
“1. The Court finds that the evidence is clear and convincing that Plaintiff with the Defendant devised a scheme to defraud creditors in bankruptcy proceedings involving Defendant’s business.
“2. The Court finds that the Defendant, GEIGER is a sophisticated businessman with experience in accounting and did admit in his deposition on pages 150 through 184 that he and Plaintiff had devised a scheme to defraud creditors and in fact, this scheme was carried out when fiduciary WHITELOCK bought the property at bankruptcy.
“3. That the Plaintiff WHITELOCK was acting in a fiduciary capacity in his dealings with GEIGER and his admitted participation with GEIGER in a scheme to defraud creditors is against public policy.
“4. The Court further finds that the Defendant GEIGER executed two demand notes; one in the amount of $26,-000.00, and one in the amount of $50,-000.00, in the favor of Plaintiff WHI-TELOCK, and that this Court did enter Summary Judgment on the two notes in the favor of JACK WHITELOCK, staying execution of collection pending determination of the other issues.
“5. That the Court did take testimony and receive voluminous exhibits from the parties.
“Therefore, it is
“ORDERED and ADJUDGED:
“1. That the parties did engage in a common scheme to defraud the creditors of the bankrupt GEIGER, and the Court leaves the parties where it finds them.
“2. The notes drawn by Defendant GEIGER in the amounts of $26,000.00 and $50,000.00 to the favor of JACK WHITELOCK are hereby void and do not constitute a legal obligation of the Defendant GEIGER, and further the Judgment of November 10, 1977, in Plaintiff’s favor is set aside and vacated.
“3. That the counterclaim of GEIGER is hereby dismissed with prejudice.
“4. The Court further recommends and suggests that the United States Assistant Attorney General cause an investigation in reference to the fraudulent scheme attending the Petition in Bankruptcy.”
* ‡ Sfc ¡‡! Sfc Sfc
Whitelock and Geiger appeal the order. We affirm.
After an examination of the record, we are satisfied that there is sufficient competent evidence to sustain the findings of the trial judge. We, therefore, will not disturb the order denying relief to both Whitelock and Geiger inasmuch as when both parties are in pari delicto, the court will leave them to settle their disputes without the aid of the court. Cf. Spector v. Ahrenholz, 107 So.2d 34 (Fla. 3d DCA 1958); Schetter v. Schetter, 279 So.2d 58 (Fla. 4th DCA 1973). Bryant v. Stevens, 313 So.2d 124 (Fla. 2d DCA 1975).
Affirmed.

. The business had been appraised at $4,700,000.