564 So.2d 644 (1990)
Joseph SZILAGYI and Julius Kluger, Appellants,
v.
STATE of Florida, Appellee.
Nos. 88-1670, 88-1671.
District Court of Appeal of Florida, Fourth District.
August 8, 1990.
*645 Lewis A. Fishman of Lewis A. Fishman, P.A., and Thomas E. Cazel, P.A., Fort Lauderdale, for appellants.
Robert A. Butterworth, Atty. Gen., Tallahassee, Georgina Jimenez-Orosa and David D. McLauchlin, Asst. Attys. Gen., West Palm Beach, for appellee.
PER CURIAM.
In this consolidated appeal, appellants were convicted of five counts each of grand theft in the first degree, in violation of section 812.014(1)(a), Florida Statutes (1987), and five counts each of grand theft in violation of section 812.014, Florida Statutes (1987). The defendants were sentenced to three years' imprisonment, and ordered to pay restitution in the amount of $190,304.08.
Appellants were charged in a fourteencount indictment with organized fraud and grand theft between July 9, 1986, and April 3, 1987. The state proceeded on the theory that appellants were engaged in a "bust-out" operation. According to the state's expert witness, Robert Lawson, who testified over defense objection, a bust-out operation is generally characterized by the following factors:
(1) Nonpayment of creditors;
(2) Principals raiding assets;
(3) Sale of the business to a strawman;
(4) Business passing bad checks;
(5) The strawman disappearing;
(6) No notice to creditors or landlord;
(7) Inventory disappearing.
According to witness Lawson, such an operation can last from three weeks to ten years.
Appellants were principals in the jewelry manufacturing firm of Goldex, Inc. In 1986 Goldex fell behind in its payments to ten creditors owing a total of $190,304.08. The criminal investigation began when Fort Lauderdale police fraud detective Koloian received several complaints from supply businesses concerning Goldex, Inc. After receiving the complaints, the detective went to the business and to appellants' residences and found no one. The detective then contacted appellants' resident agent, Attorney Brian Kimber, who informed him that appellants were in Europe. When the detective could not find appellants and learned that Goldex owed different creditors money, he concluded that this was a "bust out" and went to the state attorney's office and obtained an arrest warrant for appellants.
Detective Koloian had had no prior experience with a jewelry bust-out operation. Each creditor testified that appellants ordered merchandise from them based on credit extended to them and then either never got paid for it or returned it. Robert Lawson, after setting forth the elements of a bust-out operation as noted above, testified that most of these factors were not present in this case. Neither was there any evidence that appellants took any merchandise for their own benefit. Lawson admitted that most of what "bust-out" operators do is also done by legitimate businesses, i.e., paying bills to establish a credit rating, seeking references, increasing orders in business as expansion warrants. Nonetheless, Lawson opined that the appellants were engaged in a "bust out." At the close of the state's case, appellants moved for a directed verdict. The trial court denied appellants' motions, stating that while state's evidence was not strong, it just barely survived the motion. We reverse.
To sustain a conviction under section 812.014, Florida Statutes (1987), the state had to prove that appellants knowingly obtained or endeavored to obtain property of another, of various valuations, with the intent to deprive the lawful owner of the property or a benefit thereof. The state must also prove that the felonious intent required existed at the time of the taking. Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982), pet. for rev. denied, 426 So.2d 25 (Fla. 1983).
*646 In order to prove specific felonious intent, the state can rely on circumstantial evidence. Since intent necessarily involves the state of mind of the perpetrator, very often circumstantial evidence is the only evidence available to prove intent. However, such circumstantial evidence must exclude every reasonable hypothesis but that of guilt. Gitman v. State, 482 So.2d 367 (Fla. 4th DCA 1985).
Appellants' evidence at trial showed that the business Goldex, Inc., was incorporated in January 1985. Although there was a discrepancy in the evidence, appellants' opening capital was stated to be at least $20,000 and possibly $30,000. Initially, Goldex, Inc., paid its bills, but as business deteriorated, it stopped paying bills. It is clear that the level of purchases increased as Goldex continued to operate, although there was some evidence that this is consistent with the operation of legitimate jewelry stores which increase their purchases in anticipation of the Christmas season.
In the instant case, we hold that the state's evidence as to the requisite felonious intent was inadequate, and that a directed verdict of acquittal should have been granted as a matter of law. While it is normally the sole province of a jury to weigh the evidence, and to resolve any conflicts therein, in this case it is clear that the state was unable to negate every reasonable hypothesis of innocence. The conduct for which appellants were prosecuted in connection with their operation of Goldex, Inc., is in most respects identical to the conduct of a legitimate business enterprise that tries and fails.
Our disposition on point I raised by appellant renders moot any consideration of the remaining points.
REVERSED AND REMANDED WITH INSTRUCTIONS TO DISCHARGE APPELLANTS.
ANSTEAD, POLEN and GARRETT, JJ., concur.