778 So.2d 426 (2001)
STATE of Florida, Appellant,
v.
David Paul SIEGEL, Appellee.
No. 5D00-882.
District Court of Appeal of Florida, Fifth District.
February 2, 2001.
Rehearing Denied February 23, 2001.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellant.
John Vernon Head and Michael A. O'Brien, Orlando, for Appellee.
THOMPSON, C.J.
The state timely appeals the trial court's order granting David Paul Siegel's motion for rehearing and sworn motion to dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4).
Siegel was charged by Information with grand theft.[1] This charge followed Siegel's expulsion from the University of Central Florida (UCF) for submitting fraudulent financial vouchers as a member of student government. The Information charged that Siegel:
[D]id ... knowingly obtain or use, or endeavor to obtain or use a computer and computer equipment, of a value of THREE HUNDRED DOLLARS ($300.00) or more, the property of another, to-wit: UNIVERSITY OF CENTRAL FLORIDA or MARY BETH LIBERTO or SHARON EKERN, as owner or custodian thereof, with the intent to temporarily or permanently deprive said owner or custodian of a right to the property or a benefit therefrom, or to appropriate the property to the defendant's own use or to the use of a person not entitled thereto.
Both sides agree that Siegel was allowed to use, as part of his responsibilities as a member of the UCF student government, an IBM Thinkpad 755 CDV (laptop computer) *427 owned by UCF. At some point, UCF officials demanded that Siegel return the laptop computer pursuant to UCF Student Government Laptop Policy. Suffice it to say, Siegel refused to return the computer and, among other things, this criminal case resulted from that refused.
At issue here is an order on a Florida Rule of Criminal Procedure 3.190(c)(4) sworn motion to dismiss. This court has previously held that:
[T]his procedure is no substitute for a trial, and if any facts or inferences therefrom establish a prima facie case against the defendant, it should not be granted. State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981); State v. Cramer, 383 So.2d 254 (Fla. 2d DCA 1980).
State v. Stewart, 404 So.2d 185 (Fla. 5th DCA 1981). Recently, the Florida Supreme Court reiterated the purpose of this rule:
Pursuant to rule 3.190(c)(4), a defendant may move for dismissal alleging in the motion that "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant." Under this rule it is the defendant's burden to specifically allege and swear to the undisputed facts in a motion to dismiss and to demonstrate that no prima facie case exists upon the facts set forth in detail in the motion. The purpose of this procedure is to avoid a trial when there are no material facts genuinely in issue.
See State v. Kalogeropolous, 758 So.2d 110, 111 (Fla.2000).
The trial court dismissed this case, according to the record, because when Siegel first received the laptop computer, he did not have the criminal intent to deprive UCF of the computer. The theft statute Siegel is charged under provides in part:
A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently: (a) Deprive the other person of a right to the property or a benefit from the property.
§ 812.014(1)(a), Fla.Stat. In defining "obtains or uses," the theft chapter provides in pertinent part:
"Obtains or uses" means any manner of:
* * * * *
[c]onduct previously known as stealing; larceny; purloining; abstracting; embezzlement; misapplication; misappropriation; conversion; or obtaining money or property by false pretenses, fraud, or deception....
§ 812.012(2)(d)1., Fla.Stat. (emphasis added). In certain types of theft cases, like larceny or false pretenses, criminal intent must be formed at the time of the original taking. See Szilagyi v. State, 564 So.2d 644 (Fla. 4th DCA 1990)(holding that when the crime is larceny, the state must prove that the defendant knowingly obtained or endeavored to obtain the property of another, with intent to deprive the owner of property, and state must prove that the felonious intent existed at the time of taking); see also Crawford v. State, 453 So.2d 1139, 1142 (Fla. 2d DCA 1984); Adams v. State, 443 So.2d 1003, 1006-07 (Fla. 2d DCA 1983).
Under the "Florida Anti-Fencing Act," however, theft is more than just larceny or theft by false pretenses. Theft also includes the common-law crime of embezzlement. § 812.012(2)(d)1., Fla.Stat. Unlike the crimes of larceny and false pretenses, embezzlement does not require that the defendant have criminal intent when he obtains the property in question. See Wayne R. LaFave & Austin W. Scott, Jr., Criminal Law § 8.6(a) (Second Ed.1986). The alleged facts, if proven, fit the crime formerly known as embezzlement and now known as theft under the omnibus theft statute.[2]Cf. Denson v. *428 Stack, 997 F.2d 1356, 1362 (11th Cir.1993)("under Florida law, a conversion occurs in violation of the criminal theft statute when a person who has the right to possession of property demands its return, and the property is not relinquished").[3]
REVERSED.
COBB and PLEUS, JJ., concur.
NOTES
[1] § 812.014(2)(c)(2), Fla.Stat.
[2] Embezzlement "may be defined as: (1) the fraudulent (2) conversion of (3) the property (4) of another (5) by one who is already in lawful possession of it." Criminal Law at § 8.6. Under the state's theory of the case, Siegel lawfully possessed UCF's laptop computer, but refused to return it when the owner of the computer requested that he do so. This conduct arguably worked as an attempt to fraudulently convert the computer to Siegel's possession. Id. at § 8.6(b).
[3] The second argument on appeal does not merit detailed discussion as the facts are in dispute, are material, and are denied with specificity by the state. Kalogeropolous, 758 So.2d at 111; Fla.R.Crim.P. 3.190(d).