PER CURIAM.
Southeastern Integrated Medical, P.L. (SIMED) appeals the trial court’s order granting the Motion by North Florida Women’s Physicians (North Florida) to Dismiss SIMED’s Third Amended Complaint for Tortious Interference for failure to state a cause of action.
SIMED and North Florida both have principal places of business in Gainesville, Florida and provide medical services, including gynecology, gynecologic surgery and well woman care. On or about October 29, 2007, SIMED and Dr. Carroccio entered into a Staff Physician Employment Agreement (Employment Agreement) in which Dr. Carroccio agreed to provide professional services to SIMED’s patients as a full-time medical doctor. The parties agreed that Dr. Carroccio would perform services for a three and one-half year term, unless she provided notice of her intent to terminate her employment within 90 days. In addition, section 14 of the Employment Agreement, entitled “Covenant Not to Compete,” provided that upon termination of the business relationship, Dr. Carroccio was restricted for two years from providing medical services within a twenty-five mile radius of any SIMED medical office. Section 14 also provided SIMED with the right to seek liquidated damages in lieu of injunctive relief for breach of the non-compete provision.
On or about June 5, 2009, only eleven months into Dr. Carroccio’s contract term, SIMED became aware that North Florida solicited Dr. Carroccio to leave her employment with SIMED and to come work at North Florida. SIMED alleged that Dr. Carroccio provided North Florida with a copy of the Employment Agreement, and North Florida informed her that it had devised a plan to allow her to quit her employment with SIMED and to come *23 work for North Florida in Gainesville without compensating SIMED as required under section 14. With actual knowledge of both the business relationship between SIMED and Dr. Carroccio and the terms of the Employment Agreement, North Florida offered Dr. Carroccio employment. Dr. Carroccio accepted the offer to work for North Florida and informed SIMED that she was quitting. SIMED alleged that it suffered damages in the loss of legitimate business interests, including substantial relationships with specific prospective or existing patients and patient goodwill.
The trial court found that SIMED failed to allege ultimate facts indicating that Dr. Carroccio had in any way breached the employment agreement “as of this time.” The court also found that North Florida’s actions were done for a competitive business purpose and, thus, were not actionable. Accordingly, the trial court dismissed the complaint for failure to state a cause of action. We find that the trial court erred in granting the motion to dismiss.
In order to state a cause of action for tortious interference with a business relationship, the plaintiff must allege
(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship.
Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126, 1127 (Fla.1985).
Based on allegations contained in the Third Amended Complaint, we find that SIMED met its burden to state a cause of action for tortious interference. SIMED pled the existence of a business relationship between itself and Dr. Carroccio, as evidenced by the Employment Agreement. SIMED alleged that North Florida had actual knowledge of the non-compete provision contained in the Employment Agreement. SIMED alleged that North Florida intentionally and unjustifiably interfered with the relationship by encouraging Dr. Carroccio to join its medical practice and to practice medicine with North Florida in Gainesville within a two-year period after leaving SIMED in breach of the non-compete provision of her Employment Agreement. See Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 742 So.2d 381, 386 (Fla. 4th DCA 1999); Monco Enters., Inc. v. Ziebart Corp., 673 So.2d 491, 492 (Fla. 1st DCA 1996).
Notwithstanding these allegations, the trial court found that SIMED’s complaint for tortious interference was not yet ripe, based on its determination that no actual breach had occurred because Dr. Carroccio was still employed by SIMED at the time the Third Amended Complaint was filed. However, we find that SIMED sufficiently alleged an anticipatory breach of the Employment Agreement by Dr. Carroccio, satisfying the breach element of the tortious interference claim. See Miller v. Jacobs & Goodman, 699 So.2d 729, 734 (Fla. 5th DCA 1997) (affirming the trial court’s finding of anticipatory breach where an employee “unequivocally informed” the employer that they would not abide by their employment agreement at the time they gave their two-week notice). It is well settled that a breach of contract “by anticipatory repudiation allows the nonbreaching party to terminate his own performance and bring litigation for damages.” Aberdeen Golf & Country Club v. Bliss Constr., Inc., 932 So.2d 235, 240 (Fla. 4th DCA 2005); see also, Hosp. Mortg. *24 Group v. First Prudential Dev. Corp., 411 So.2d 181, 182 (Fla.1982) (noting that where an anticipatory repudiation occurs, the nonbreaching party has an immediate cause of action); Twenty-Four Collection, Inc. v. M. Weinbaum Constr., Inc., 427 So.2d 1110, 1112 (Fla. 3d DCA 1983) (“A requirement of actual breach as a prerequisite for anticipatory breach would totally nullify the doctrine of anticipatory breach.”). Here, Dr. Carroccio stated her intention to terminate her employment with SIMED, and SIMED alleged that Dr. Carroccio had accepted an offer of employment from a competitor located within the twenty-five mile radius prohibited by the non-compete provision of the Employment Agreement. Because SIMED satisfied the breach element of the tortious interference claim by alleging an anticipatory breach of contract by Dr. Carroccio, we find that it was error for the trial court to dismiss the Third Amended Complaint.
Further, relying on McCurdy v. Collis, 508 So.2d 380, 385 n. 2 (Fla. 1st DCA 1987), the trial court found that North Florida’s conduct was not actionable because it was in furtherance of a competitive business purpose, i.e., North Florida was free to compete with SIMED in recruiting physicians to its practice. However, because privilege to interfere with a contract is a matter to be raised as an affirmative defense, it was improper for the trial court to consider North Florida’s motives in recruiting Dr. Carroccio on a motion to dismiss. See Londono v. Turkey Creek, Inc., 609 So.2d 14, 19 n. 4 (Fla.1992) (noting that the consideration of defenses is premature on a motion to dismiss); Abele v. Sawyer, 750 So.2d 70, 75 (Fla. 4th DCA 1999) (“Justification or privilege to interfere with a contract is a defense to a tortious interference action.”); Melbourne Med. Lab., Inc. v. Lab Corp. of America, 722 So.2d 962, 964 (Fla. 5th DCA 1998) (“[C]ompetition or economic privilege is an affirmative defense to a tortious interference claim.”). And while an affirmative defense that appears on the face of the complaint may be considered by the trial court in a motion to dismiss, see Abele, 750 So.2d at 75; Linafelt v. Bev, Inc., 662 So.2d 986, 990 (Fla. 1st DCA 1995), that is not the case here.
For these reasons, we reverse the order on appeal and remand with instructions for the trial court to permit SIMED to proceed with its complaint, as well as to amend its claim of tortious interference to include an allegation of actual breach.
REVERSED and REMANDED.
WOLF, THOMAS, and ROWE, JJ., concur.