THOMAS, J.
In this workers’ compensation appeal, Claimant argues the Judge of Compensation (JCC) erred in dismissing her petition for benefits (PFB) on the basis that the claimed benefits were “not in default, nor are they ripe, due and owing.” We agree and reverse.
Claimant filed a PFB seeking authorization for continued treatment for her right shoulder, and attached a prescription detailing the recommended treatment. Dr. Bayliss, the physician prescribing the treatment, had been previously authorized to provide treatment for the right shoulder and was never de-authorized by the Employer/Carrier (E/C). The E/C filed a motion to dismiss the PFB based on the JCC’s acceptance of an expert medical ad-visor’s (EMA’s) opinion given in a prior proceeding in this matter regarding an earlier filed PFB. E/C argues that because Claimant did not challenge the earlier order, she was not entitled to re-litigate the issue, thus, the claims in the current PFB could not be “in default, ripe, due and owing.”
In granting the motion to dismiss, the JCC relied on evidence adduced at the earlier hearing on Claimant’s claim for authorization of shoulder surgery. In the course of that earlier proceeding, the JCC granted a request for appointment of an EMA to address a medical issue. Following a hearing on that petition, the JCC entered an abbreviated final order that included no findings of fact and simply denied “Claimant’s request for authorization of right shoulder surgery.” In a ruling letter accompanying the abbreviated final order, the JCC indicated that she accepted the opinion of the EMA that “the incident of 04/19/06 perpetuated an exacerbation of the right shoulder, which was then deemed to be at MMI with a zero percent (0%) impairment rating, essentially bringing Ms. Locker back to baseline.”
Because the basis for the JCC’s dismissal was application of a legal principle, essentially finding the PFB failed to state a legal basis for award of the benefits, our review is de novo. See Gilbreth v. Genesis Eldercare, 821 So.2d 1226, 1228 (Fla. 1st DCA 2002) (reviewing de novo JCC’s conclusions involving questions of law). When workers’ compensation case law fails to provide guidance on procedural matters, this court has utilized analogous civil processes. See Thomas v. Eckerd Drugs, 987 So.2d 1262, 1263 (Fla. 1st DCA 2008) (“In the absence of case law offering guidance regarding summary final orders, we evaluate the JCC’s order using the summary judgment standard.”). Prior decisions have established the standard of review applicable here. See, e.g., Siegle v. Progressive Consumers Ins. Co., 819 So.2d 732, 734 (Fla.2002). “[Wjhen presented with a motion to dismiss, a trial court is required to ‘treat the factual allegations of the complaint as true and to consider those allegations in the light most favorable to the plaintiffs.’ ” Id. at 734-35 (quoting Hollywood Lakes Section Civic Ass’n, Inc. v. City of Hollywood, 676 So.2d 500, 501 *1128 (Fla. 4th DCA 1996)). It is error for the trial court to rely “upon matters raised in the motion, but not contained within the four corners of the complaint.” Chatham Mfg., Corp. v. Cates, 969 So.2d 515, 516 (Fla. 1st DCA 2007).
As we stated in Brewer v. Clerk of Circuit Court, Gadsden County:
This court has explained the time-honored standard for evaluating a motion to dismiss for failure to state a cause of action:
When ruling on a motion to dismiss for failure to state a cause of action, the trial court must accept the allegations of the complaint as true. Likewise, the appellate court must accept the facts alleged in a complaint as true when reviewing an order that determines the sufficiency of the complaint. Whether a complaint is sufficient to state a cause of action is an issue of law. Consequently, a ruling on a motion to dismiss for failure to state a cause of action is reviewable on appeal by the de novo standard of review.
720 So.2d 602, 603 (Fla. 1st DCA 1998) (citing Sarkis v. Pafford Oil Co., Inc., 697 So.2d 524, 526 (Fla. 1st DCA 1997) (citations omitted)).
Here, the only pleading properly before the JCC for consideration was the PFB with the attached medical report. The PFB sought an award of additional medical benefits, as prescribed by Dr. Bayliss. Viewing the allegations in the PFB in the light most favorable to Claimant, the additional treatment recommended by Dr. Bayliss was ripe, due, and owing. In granting the E/C’s motion to dismiss, the JCC erred in going beyond the four corners of the PFB at issue and relying on extra-record evidence to find that the major contributing cause of Claimant’s right shoulder condition had been established adversely to Claimant, thereby concluding that the requested benefits were not in default and, thus, were not ripe, due, and owing. See Chatham Mfg., Corp., 969 So.2d at 516. Although the evidence considered in the proceeding below may well be relevant on remand, it cannot sustain the order of dismissal here.
Accordingly, the order dismissing Claimant’s petition for benefits is REVERSED and this cause is REMANDED for further proceedings.
VAN NORTWICK, J., concurs.
KAHN, J., Concurs with written Opinion.