79 So.3d 926 (2012)
Jerry LEWIS, Appellant,
v.
David MORGAN, Sheriff of Escambia County Florida in his Official Capacity, Appellees.
No. 1D10-4258.
District Court of Appeal of Florida, First District.
February 17, 2012.
*927 Robert C. Allen, Pensacola, for Appellant.
Lisa Truckenbrod of Jolly & Peterson, P.A., Tallahassee, for Appellees.
MARSTILLER, J.
Escambia County Sheriff's deputies arrested Appellant, Jerry Lewis, at his home on December 24, 2006, for grand theft of a motor vehicle. The arrest arose from a complaint lodged by World Ford Pensacola ("World Ford"), an automobile dealership, alleging that Lewis failed to return a vehicle to the dealership as required by contract when financing fell through. Appellant successfully moved to dismiss the criminal charge and subsequently sued Appellees, Escambia County Sheriff David Morgan and Lt. Roger Dale Grice, for false arrest and malicious prosecution. Appellees moved to dismiss the complaint for failure to state a cause of action because the facts alleged supported an affirmative defense to the claimsexistence of probable cause for arrest. The trial court agreed and dismissed the complaint without prejudice. Appellant sought leave to file an amended complaint omitting the *928 problematic allegations and adding claims for abuse of process and invasion of privacy. The court disallowed the amendment and dismissed the complaint with prejudice. Appellant argues on appeal that the court initially erred in dismissing his complaint because the contract dispute between he and World Ford could not provide probable cause to arrest him for theft. If dismissal was correct, Appellant argues alternatively, the court abused its discretion in denying him leave to amend the complaint. Because we agree with Appellant on the latter issue, we reverse the order dismissing Appellant's complaint with prejudice and remand for further proceedings.

I. The Dismissal Without Prejudice
Appellant's complaint and attached exhibits (inter alia, the vehicle purchase agreement and the Sheriff's Office incident report) alleged that he entered into a purchase agreement and financing contract with World Ford. Under the purchase agreement, the sale of the vehicle was contingent on World Ford successfully assigning the financing contract to a lender. The agreement specified that World Ford "conditionally delivered" the vehicle to Appellant pending approval of financing and that Appellant would "immediately return the vehicle on the oral or written request or demand of World Ford Pensacola until financing of this transaction is fully approved or concluded." Three days after the parties executed the purchase agreement, World Ford notified Appellant that it could not obtain financing at the agreed-upon terms, but had found a lender to finance the purchase at a higher interest rate. Appellant refused to sign a new contract or return the vehicle. Several days later, a World Ford salesperson spoke to Appellant's wife and advised her that if Appellant failed to sign another contract or bring back the vehicle, World Ford would report the theft to law enforcement. Thereafter, Appellee Lt. Grice spoke to Appellant by phone on three occasions to persuade him to complete the new financing paperwork or turn the vehicle in. Upon Appellant's continued refusal to do either, World Ford reported the vehicle stolen and filed a criminal complaint against Appellant. The Sheriff's office, in turn, issued a BOLO ("Be on the Lookout") for the stolen vehicle. When officers discovered the vehicle parked next to Appellant's residence, they arrested him and impounded the vehicle. The trial court dismissed Appellant's complaint without prejudice, explaining that:
Based upon the facts alleged in the complaint and amended complaint ... sufficient probable cause existed for the arrest of the Plaintiff ... Because [lack of] probable cause is an essential element for a claim for malicious prosecution and an affirmative defense to a claim for false arrest, the existence of facts pled by the Plaintiff in the complaint that establish the existence of probable cause renders the claims of the Plaintiff against Defendant Sheriff and Defendant Grice subject to dismissal.
A trial court's ruling on a motion to dismiss for failure to state a cause of action is reviewable de novo. See Locker v. United Pharm. Group, Inc., 46 So.3d 1126, 1128 (Fla. 1st DCA 2010); Fla. R. Civ. P. 1.140(b). An affirmative defense appearing on the face of a complaint can be grounds for a motion to dismiss under Florida Rule of Civil Procedure 1.140(b). See Fla. R. Civ. P. 1.110(d); see also Se. Integrated Med., P.L. v. N. Fla. Women's Physicians, P.A., 50 So.3d 21, 24 (Fla. 1st DCA 2010); O'Halloran v. PricewaterhouseCoopers LLP, 969 So.2d 1039, 1042 (Fla. 2d DCA 2007). The existence of probable cause to arrest is an affirmative defense to false arrest. See Rivers v. Dillards Dep't *929 Store, Inc., 698 So.2d 1328, 1331 (Fla. 1st DCA 1997). And the existence of probable cause will defeat a claim for malicious prosecution because lack thereof is a necessary element of the claim. See Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1355 (Fla.1994). Probable cause for arrest exists where "the facts and circumstances known to the arresting officers were sufficient to cause a reasonably cautious person to believe that the suspect was guilty of committing a crime." Fla. Game & Freshwater Fish Comm'n v. Dockery, 676 So.2d 471, 474 (Fla. 1st DCA 1996).
To show probable cause in a false arrest situation, it is not necessary that the arresting officer know facts that would absolutely prove beyond a reasonable doubt the guilt of the person charged; probable cause exists when the circumstances are sufficient to cause a reasonably cautious person to believe that the person accused is guilty of the offense charged.
Id.
According to Appellant's complaint and exhibits, the facts known to Sheriff's deputies when they arrested Appellant were that Appellant had attempted to purchase a vehicle from World Ford, but the transaction was not completed because the dealership could not obtain financing for Appellant. Consequently, Appellant did not own the vehicle. Although World Ford gave Appellant possession of the vehicle pending financing approval, the agreement Appellant signed required to him to return the vehicle if World Ford could not get such approval. Appellant declined to execute a new financing contract with World Ford in order to complete the purchase. And after several demands from both World Ford and a Sheriff's Office lieutenant, he steadfastly refused to return the vehicle to the dealership.
The elements of grand theft of a motor vehicle are: (1) knowing and unlawful obtaining or use, or knowing and unlawful endeavor to obtain or use, (2) the motor vehicle of another, (3) with the intent to either temporarily or permanently (a) deprive the owner or lawful possessor of a motor vehicle of the right to the vehicle or the benefit from it, or (b) to appropriate the motor vehicle to the accused's own use or to use of any person not entitled to it.
Fryer v. State, 732 So.2d 30, 33 (Fla. 5th DCA 1999) (emphasis added); accord Jones v. State, 666 So.2d 960, 963 (Fla. 3d DCA 1996); see § 812.014(2)(c)6, Fla. Stat. (2006). Section 812.012 defines the phrase "obtains or uses" to include "[c]onduct previously known as stealing; larceny; purloining; abstracting; embezzlement; misapplication; misappropriation; conversion; or obtaining money or property by false pretenses, fraud, or deception." § 812.012(3)(d)1, Fla. Stat. (2006) (emphasis added). Conversion, and thus theft under section 812.014, occurs when a person who has the right to possess certain property demands its return, and the property is not relinquished. See State v. Siegel, 778 So.2d 426, 427-28 (Fla. 5th DCA 2001) (citing Denson v. Stack, 997 F.2d 1356, 1362 (11th Cir.1993)). How the defendantor as in this case, the suspectacquired the other person's property is not relevant. See Isenhour v. State, 952 So.2d 1216, 1221 (Fla. 5th DCA 2007). Consequently, the fact that Appellant initially took possession of the vehicle pursuant to a contract does not defeat, ipso facto, probable cause. We conclude, as did the trial court, that the facts as alleged by Appellant in his complaint constituted probable cause to believe Appellant committed theft by conversion when he refused to relinquish the vehicle owned by World Ford. Accordingly, the trial court *930 properly dismissed the complaint without prejudice for failure to state a cause of action.

II. The Denial of Leave to Amend and Dismissal With Prejudice
The amended complaint Appellant sought leave to file omitted the facts that the trial court previously found constituted probable cause for arrest. Neither the purchase agreement nor the incident report was attached to the proposed amended complaint. Appellant alleged only that he advised Sheriff's deputies he had a valid purchase agreement and installment repayment contract with World Ford, but that deputies had telephoned him and instructed him to tear up the valid contract, give the vehicle back to World Ford, and sign a new contract. The proposed amended complaint also asserted new causes of action against Appellees for abuse of process and invasion of privacy.
"Public policy favors the liberal amendment of pleadings, and courts should resolve all doubts in favor of allowing the amendment of pleadings to allow cases to be decided on their merit." Laurencio v. Deutsche Bank Nat. Trust Co., 65 So.3d 1190, 1193 (Fla. 2d DCA 2011) (citations omitted). "As a general rule, refusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or amendment would be futile." Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Coop. Bank, 592 So.2d 302, 305 (Fla. 1st DCA 1991). Leave to amend a complaint should be given freely to allow a plaintiff to state a cause of action "unless, of course, it is clear that a plaintiff will not be able to state a cause of action." Town of Micanopy v. Connell, 304 So.2d 478, 480 (Fla. 1st DCA 1974); see also Fla. Nat'l Org. for Women, Inc. v. State, 832 So.2d 911, 914 (Fla. 1st DCA 2002). In denying Appellant leave to amend his complaint, the trial court found neither that permitting amendment would prejudice Appellees nor that Appellant had abused the privilege to amend. Rather, as to the false arrest, malicious prosecution and invasion of privacy claims, the court determined that its previous finding on the existence of probable cause made Appellant's endeavor to pursue those claims futile. And because Appellant was arrested without a warrant, there could be no abuse of process by Appellees. Therefore, amending the complaint to assert that claim would be futile, as well.
We conclude the trial court should have permitted Appellant to amend his complaint. Appellant was not bound by the allegations in the prior unsworn complaint. See Bryant v. Stevens, 313 So.2d 124, 124-25 (Fla. 2d DCA 1975) (reversing dismissal with prejudice where trial court denied leave to amend because amended complaint omitted facts that caused dismissal of original complaint without prejudice and "plaintiff could not escape from the facts which he had previously pled"). The question at this stage was not whether Appellant ultimately can prevail, but whether he can state a cause of action. Furthermore, we can find no case lawand Appellees presented none to the trial court or to this Courtholding that a warrantless arrest cannot be the subject of an abuse of process claim. Accordingly, we REVERSE the order dismissing Appellant's complaint with prejudice and REMAND for further proceedings.
SWANSON, J., concurs.
WETHERELL, J., dissents with opinion.
WETHERELL, J., dissenting.
I agree with the majority that the trial court properly dismissed the false arrest *931 and malicious prosecution claims against Appellees in the first amended complaint. However, unlike the majority, I do not see any way the pleading deficiency that led to the dismissal of those claims can be cured because the Offense Report (which was an exhibit to both the first amended complaint and the proposed second amended complaint[1]) clearly establishes that there was probable cause for Appellees to arrest Appellant for grand theft. Additionally, although it is a closer question, I am not persuaded that Appellant will be able to state legally-sufficient claims against Appellees for abuse of process or invasion of privacy in light of the facts alleged in the proposed second amended complaint and reflected elsewhere in the record.
Accordingly, I would affirm the trial court's order denying Appellant's motion to file the proposed second amended complaint, the effect of which was to dismiss the claims against Appellees with prejudice. Alternatively, I would only reverse the trial court's order insofar as it denied Appellant any opportunity to allege the abuse of process and invasion of privacy claims raised for the first time in the proposed second amended complaint. Because the majority opinion reverses the denial of the motion to amend and remands without any limitations on the claims that may be alleged, I respectfully dissent.
NOTES
[1] The majority opinion is technically correct when it states that the report was not attached to the proposed second amended complaint. However, the report was specifically identified as an exhibit to that pleading. Accordingly, it was proper for the trial court to consider the information in the report in determining whether to allow Appellant to file the proposed second amended complaint and in evaluating the legal sufficiency of that pleading.