OSTERHAUS, J.
Appellant, Jonathan D. Thomas, appeals the trial court’s order dismissing with prejudice his claim that his former employer, Hickory Foods, Inc., failed to pay the salary amount called for by the parties’ separation agreement. We reverse and remand because the terms of the separation agreement do not so directly conflict with the allegations in Thomas’s Complaint as to permit dismissal.
I.
We review a trial court’s ruling on a motion to dismiss for failure to state a cause of action de novo. Lewis v. Morgan, 79 So.3d 926, 928 (Fla. 1st DCA 2012) (citing Locker v. United Pharm. Group, Inc., 46 So.3d 1126, 1128 (Fla. 1st DCA 2010); Fla. R. Civ. P. 1.140(b)). “ ‘When ruling on a motion to dismiss for failure to state a cause of action, the trial court must accept the allegations of the complaint as true. Likewise, the appellate court must accept the facts alleged in a complaint as true when reviewing an order that determines the sufficiency of the complaint.’ ” Locker, 46 So.3d at 1128 (quoting Brewer v. Clerk of Circuit Court, Gadsden County, 720 So.2d 602, 603 (Fla. 1st DCA 1998) (citations omitted).
II.
In this case, the trial court sided with Hickory Foods’ argument in its motion to dismiss that the severance agreement directly conflicted with Thomas’s claim to being owed some fifty-six thousand dollars. The compensation provision of the severance agreement stated as follows:
3.Salary Continuation. Provided Thomas complies with the terms of this Agreement and the Restrictive Covenants herein, and in consideration of the promises and terms in this Agreement, the Company will pay Thomas an annual salary in the amount of $56,398.68 (Fifty-six Thousand Three Hundred and Ninety Dollars and Sixty-Eight cents) pro rata (the “Salary Continuation”) from the Termination Date through May 24, 2013 (the “Post Termination Period.”). The Company will continue to pay Thom *205 as in semi-monthly installments via direct deposit as currently on file and in accordance with the Company’s normal payroll practices. Except for required deductions and withholdings, Thomas is responsible for the payment of all taxes associated with the monies he receives as a result of this Salary Continuation. The Salary Continuation will cease at any point if Thomas fails to comply with this Agreement of the Restrictive Covenant. Except as otherwise required by paragraph 17, Thomas is not required to provide any services to receive the Salary Continuation.
(Emphasis added). Provision 2 of the severance agreement indicated that the “Termination Date” was April 1, 2013.
It is correct that “[w]here a document on which the pleader relies in the complaint directly conflicts with the allegations of the complaint, the variance is fatal and the complaint is subject to dismissal for failure to state a cause of action.” Appel v. Lexington Ins. Co., 29 So.3d 377, 379 (Fla. 5th DCA 2010). But here it is not clear that the salary continuation provision directly conflicts with Thomas’s claim.
Thomas asserts that he is due $56,398.68 under the provision. Hickory Foods counters that the provision only entitles Thomas to be paid his regular pro rata salary amount through the end of the eight-week Post Termination Period— $8,676.72. The trial court’s short order dismissing the case with prejudice did not explain why it agreed with Hickory Foods’ interpretation. But, to us, Thomas’s claim does not appear to be in direct conflict with the severance agreement, but states a plausible interpretation of the agreement’s less than crystalline terms. For this reason, we do not agree that Thomas’s claim warranted dismissal with prejudice at this early stage of the litigation.
III.
Accordingly, we REVERSE and REMAND for further proceedings.
LEWIS, C.J., and THOMAS, J., concur.