# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-2458

_____

SHELLEY CARRIER, as the
Personal Representative of the
Estate of Doris Hadcock,

    Appellant,

    v.

JOYCE MILLER, individually and
in her official capacity as an
employee of Department of
Children and Families, ANGELA
RACHEL, individually and in her
official capacity as an employee
of Department of Children and
Families, and DEPARTMENT OF
CHILDREN AND FAMILIES,

    Appellees.

_____

On appeal from the Circuit Court for Leon County.
J. Lee Marsh, Judge.

February 5, 2025

PER CURIAM.

Shelley Carrier, as personal representative of Doris Hadock's estate, seeks review of two orders that resulted in the dismissal with prejudice of her complaint and her amended complaint. We DISMISS as untimely the appeal of the September 2022 order as it applied to Joyce Miller and Angela Rachel because it was a partial final order that dismissed all claims against Miller and Rachel with prejudice. *See* Fla. R. App. P. 9.110(k) (explaining that "[i]f a partial final judgment totally disposes of an entire case as to any party, it must be appealed within 30 days of rendition"); *Davis v. State*, 336 So. 3d 366 (Fla. 1st DCA 2022) (dismissing an appeal for lack of jurisdiction where the notice of appeal was not timely filed); *CJS Sols. Grp., LLC v. Simmons*, 248 So. 3d 291 (Fla. 1st DCA 2018) (holding that an order disposing of an entire case against a party is immediately appealable even if other claims remain pending against other parties).

We AFFIRM the September 2022 and August 2023 orders dismissing with prejudice Carrier's claims against the Department of Children and Families (DCF). The claims in the original complaint against DCF were barred by the statute of limitations, which was never tolled. *See* §§ 95.11(3), (7); 95.031; 95.051(1)(d), (i), Fla. Stat. (2021). And the allegations in the amended complaint against DCF did not state a claim for a private cause of action. *See Lewis v. Morgan*, 79 So. 3d 926, 930 (Fla. 1st DCA 2012) (holding that a plaintiff is not entitled to leave to amend a complaint when the plaintiff will not be able to state a cause of action).

DISMISSED, and AFFIRMED.

ROWE, RAY, and M.K. THOMAS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

2

J. Ronald Denman, Grant W. Kindrick, Victoria M. McLaughlin and Lawrence O. Held of Bleakley Bavol Denman & Grace, Tampa, for Appellant.

Jeffrey S. Weiss and Erin J. O'Leary of Garganese, Weiss, D'Agresta & Salzman, P.A., Orlando, for Appellees.