CRENSHAW, Judge.
Pamela D. Peak, as the personal representative of the estate of the deceased, Dillon Peak, appeals the final order dismissing her wrongful death action against Outward Bound, Inc. Peak filed the action against Outward Bound and Paul Cronin for the wrongful death of her son which occurred when he was a resident of an Outward Bound facility in the summer of 2006. The trial court granted Outward Bound’s motion to dismiss, concluding that Outward Bound was shielded from liability based upon the sovereign immunity provision of section 768.28, Florida Statutes (2005). However, the complaint does not conclusively demonstrate that Outward Bound is entitled to sovereign immunity under the statute. We therefore reverse the dismissal of the complaint and remand for further proceedings.
Outward Bound operates the Peace River Outward Bound facility in DeSoto County under a contractual agreement with the Department of Juvenile Justice (the Department). Dillon Peak, who resided at the facility from November 2005 to May 2006, became ill and was sent to DeSoto Memorial Hospital. He was discharged back to the Outward Bound facility, again became ill, and returned to DeSo-to Memorial Hospital. Dillon was then transferred to All Children’s Hospital in Pinellas County where he later died.
Pamela Peak, Dillon’s mother and personal representative of the estate of Dillon Peak, filed a second amended complaint on January 26, 2009, alleging wrongful death claims against Outward Bound and Paul Cronin. Outward Bound filed a motion to dismiss the complaint. In support of its motion, Outward Bound argued it was entitled to sovereign immunity as a statutory agent of the Department. In May 2009, the trial court entered its order granting Outward Bound’s motion to dismiss, concluding that Outward Bound was entitled to sovereign immunity under section 768.28. A final order of dismissal was entered in December 2009, and this appeal timely followed.
We review de novo a trial court’s final order of dismissal. See Gomez v. Fradin, 41 So.3d 1068, 1070 (Fla. 4th DCA 2010). When ruling on a motion to dis *999 miss, “the trial court must accept the material allegations as true and is bound to a consideration of the allegations found within the four corners of the complaint.” Murphy v. Bay Colony Prop. Owners Ass’n, 12 So.3d 924, 926 (Fla. 2d DCA 2009). “Sovereign immunity generally is an affirmative defense that may justify granting a motion to dismiss only when the complaint itself conclusively establishes its applicability.” Sierra v. Associated Marine Insts., Inc., 850 So.2d 582, 590 (Fla. 2d DCA 2003).
Here the trial court’s order dismissing the complaint against Outward Bound was based on its conclusion that Outward Bound was entitled to sovereign immunity as an agent of the Department under section 768.28. Section 768.28(ll)(a) provides in pertinent part:
Providers or vendors, or any of their employees or agents, that have contractually agreed to act on behalf of the state as agents of the Department of Juvenile Justice to provide services to children in need of services, families in need of services, or juvenile offenders are, solely with respect to such services, agents of the state for purposes of this section while acting within the scope of and pursuant to guidelines established in the contract or by rule.
Although the complaint against Outward Bound establishes a contractual relationship between Outward Bound and the Department, it fails to conclusively demonstrate that at the time of the alleged negligence, Outward Bound was “acting within the scope of and pursuant to guidelines established in the contract or by rule.” And as this court stated in Sierra,
It is not enough, however, to demonstrate simply that the provider contracted to act on behalf of the state in the furnishing of the mentioned services. Rather, to enjoy agent’s statús under the statute, the provider must have acted “within the scope of and pursuant to guidelines established in the contract or by rule.”
850 So.2d at 591 (quoting § 768.28(ll)(a), Fla. Stat. (1997)). Instead, the complaint alleges Outward Bound was not acting as an agent of the Department “as it relates to the incident giving rise to the complaint,” nor did Outward Bound conform to its duties in the contract. . We therefore conclude that the complaint did not conclusively demonstrate Outward Bound was entitled to sovereign immunity, and the trial court erred in dismissing the complaint on sovereign immunity grounds.
Accordingly, we reverse the trial court’s final order dismissing the complaint against Outward Bound and remand for further proceedings.
Reversed and remanded.
ALTENBERND and KHOUZAM, JJ„ Concur.