VILLANTI, Judge.
Lisa Williams, as personal representative of the estate of Robert Williams, appeals the trial court’s order granting Gaf-fin Industrial Services, Inc.’s motion to dismiss the complaint with prejudice. Because the trial court considered matters outside the four corners of the complaint when it granted the motion to dismiss, we reverse. We also note that, even if dismissal had been appropriate, the trial court should not have dismissed the complaint with prejudice because on these facts Florida Rule of Civil Procedure 1.190(a) gave Williams the absolute right to amend once without leave of court.
After her husband died in a work-related accident, Williams sued his employer, Gaffin.[1] The complaint contained two counts directed at Gaffin: Count I alleged “Intentional Harm” under Florida’s workers’ compensation statute, and Count II was titled “Non-Delegable Duty.” Gaffin moved to dismiss the complaint against it with prejudice, arguing that the doctrine of election of remedies barred Williams’ action — that by filing a petition for workers’ compensation benefits and consummating a settlement agreement Williams had exclusively elected the State’s workers’ compensation remedy. Gaffin attached numerous exhibits in support of its motion to dismiss, none of which were attached to or incorporated into the complaint. These attachments purported to demonstrate that Williams had consciously elected the State’s worker’s compensation remedy.
*1029 Gaffin subsequently also filed an “emergency motion to dismiss” that raised two grounds for dismissal. First, Gaffin again alleged that Williams’ lawsuit was barred by the doctrine of election of remedies. Second, Gaffin alleged that the complaint failed to allege sufficient facts to bring Williams’ claim within the intentional tort exception to workers’ compensation immunity. Gaffin again attached numerous documents and an affidavit in support of its somewhat duplicative motion.
At the hearing on Gaffin’s motions to dismiss, Williams argued the “four corners” rule to preclude dismissal of the complaint and also argued that she had a right to amend the complaint to correct any alleged deficiencies. Nevertheless, the court dismissed Williams’ complaint with prejudice, concluding that, on the merits, the doctrine of election of remedies barred her claim against Gaffin. Because Williams was correct on both points, the trial court erred in dismissing her complaint.
We review de novo a trial court’s dismissal of a complaint. Peak v. Outward Bound, Inc., 57 So.3d 997, 998 (Fla. 2d DCA 2011). “Election of remedies is an affirmative defense that is not properly raised by means of a motion to dismiss where the affirmative defense does not appear on the face of the [complaint].” Vause v. Bay Med. Ctr., 687 So.2d 258, 261 (Fla. 1st DCA 1996); see also Fla. R. Civ. P. 1.110(d). “Even a relatively straightforward affirmative defense, such as one based upon the statute of limitations, is not a basis for dismissal unless the complaint affirmatively and clearly shows the conclusive applicability of the defense.” Vause, 687 So.2d at 261. “If the court is required to consider matters outside the four corners of the complaint, then the cause is not subject to dismissal on the basis of the affirmative defense.” Id. (“The plaintiffs complaint does not clearly show the applicability of [election of remedies] defense. Indeed, nowhere in the complaint is it asserted or suggested that the plaintiff pursued a workers’ compensation remedy to a determination on the merits or to final settlement so as to give rise to an election of remedies defense.”); see also Peak, 57 So.3d at 999 (reversing dismissal based on affirmative defense of sovereign immunity because the complaint did not conclusively establish its applicability).
In this case, the facts relied upon by Gaffin in support of its election of remedies defense did not appear on the face of the complaint or in any attachments to the complaint. Rather, they were supplied by Gaffin through various documents and an affidavit filed in support of its motion to dismiss. Therefore, Gaffin’s contentions on appeal that the complaint in this case incorporated “by reference” the doctrine of election of remedies available under workers’ compensation law, or that the affirmative defense of election of remedies appeared on the face of the complaint, are without merit. Because the trial court considered disputed matters outside the four corners of the complaint, it thereby erred in dismissing Williams’ complaint based on the doctrine of election of remedies. Whether this assertion — that election of remedies barred Williams’ claim — is correct cannot be determined from its appearance solely in a motion to dismiss.
Williams has also argued, in the alternative, that the trial court erred in dismissing her complaint with prejudice because she had the right to amend the complaint once as a matter of right and she made an ore tenus motion to do so at the hearing. In this appeal and below, Gaffin has argued that the trial court had discretion to dismiss the complaint with prejudice be *1030 cause “Gaffin issued its responsive pleading via its motion to dismiss” and because any amendment to the complaint would have been futile.[2] While the argument becomes moot in view of our reversal based on the above discussion, because the supreme court has expressly rejected similar arguments, we reiterate the applicable legal standard.[3]
Florida Rule of Civil Procedure 1.190(a) provides:
A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, may so amend it at any time within 20 days after it is served. Otherwise a party may amend a pleading only by leave of court or by written consent of the adverse party.
Here, contrary to Gaffin’s contention, it had not filed a responsive pleading; it had filed a motion to dismiss. See Boca Burger, Inc. v. Forum, 912 So.2d 561, 567 (Fla.2005) (“A motion to dismiss is not a ‘responsive pleading’ because it is not a ‘pleading’ under the rules.”). And Williams had not previously exercised the right to amend the complaint. Therefore, rule 1.190(a) expressly gave Williams the absolute right to amend the complaint.
If the language of rule 1.190(a) was somehow unclear, the supreme court made it clear in Boca Burger, Inc., 912 So.2d at 563. In that case, the supreme court held that under rule 1.190(a) “a plaintiff has the absolute right to amend a complaint once as a matter of course before a responsive pleading is served, and a trial court has no discretion to deny such an amendment.” Id. The filing of a motion to dismiss does not end the plaintiffs absolute right to amend the complaint once. Id. at 567. The court also explained that a trial court’s discretion to deny amendment of the complaint arises only after the defendant files an answer or if the plaintiff has already exercised the right to amend once. Id. Therefore, in cases like this where a responsive pleading is permitted, a trial court does not have discretion to deny leave to amend on the basis that the complaint is not amendable until (1) the defendant has filed an answer or (2) the plaintiff has already exercised the right to amend once. Id. (“Although [prior case law] implied that a trial court may deny leave to amend where the complaint is clearly not amendable, a court only has such discretion under the second sentence of the rule, not under the first.”). In this case, Gaffin had not filed an answer and Williams had not exercised her right to amend. Therefore, rule 1.190(a) and Boca Burger, Inc. clearly provide that the trial court could not deny Williams’ request to amend the complaint based on Gaffin’s argument that an amendment would have been futile.
For the reasons expressed herein, we reverse the trial court’s final order dismissing with prejudice the complaint *1031 against Gaffin and remand for further proceedings.
Reversed and remanded.
SILBERMAN, C.J., and KELLY, J., Concur.

. Williams had also sued several other entities who are not involved in this appeal.

. In fairness, we note that attorney Borland, who appeared at oral argument, only appeared in the case a matter of days prior to the argument and thus was not responsible for the position taken in Gaffin's brief or below.

. See Forum v. Boca Burger, Inc., 788 So.2d 1055, 1062 (Fla. 4th DCA 2001). Based on the arguments made in the trial court, it appears that Gaffin’s counsel either did not know the applicable standard or failed to disclose it to the trial court, and it appears that the trial court was also uncertain as to the standard.