KHOUZAM, Judge.
Telesur appeals the circuit court’s nonfi-nal order denying Telesur’s motion to dismiss DOT (SR), Inc.’s complaint for lack of personal jurisdiction. We reverse and remand because DOT (SR) failed to allege sufficient jurisdictional facts in its complaint to establish personal jurisdiction over Telesur pursuant to Florida’s long-arm statute. See § 48.193, Fla. Stat. (2009).
To determine whether a Florida court can exercise jurisdiction over a nonresident defendant, a court must first re *1234 solve whether the complaint alleges sufficient jurisdictional facts to bring the suit within the ambit of Florida’s long-arm statute. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502-03 (Fla.1989). If jurisdiction is proper under the long-arm statute, the court must then determine whether sufficient minimum contacts exist to satisfy due process. Id. Because we hold that the factual allegations in the complaint are not sufficient to show that jurisdiction is proper under the long-arm statute, we do not need to address the question of minimum contacts.
DOT (SR), a Florida corporation, filed its complaint against Telesur on December 9, 2009, alleging breach of contract, defamation, and tortious interference with business relationships. The complaint stemmed from an alleged breach of an agreement regarding the rights to market and sell internet domain names. The Internet Assigned Numbers Authority (IANA) and its successor, the Internet Corporation for Assigned Names and Numbers (ICANN) had assigned the country code top-level domain “.sr” to the country of Suriname. Suriname had, in turn, entrusted Telesur, a Surinamese business entity, with the responsibility of managing the domain .sr. On March 30, 2001, Tele-sur and DOT (SR), entered into an agreement which provided that DOT (SR) would market and sell subdomains under .sr to individuals and entities throughout the world. The agreement was for an initial term of five years with an automatic renewal of five additional years if DOT (SR) acquired a minimum, agreed-upon number of registrations. DOT (SR) argued that the court had personal jurisdiction over Telesur under the Florida long-arm statute because Telesur had sufficient ties to Florida through the agreement made with DOT (SR) and related business dealings. We will first address the jurisdictional facts alleged in each count of the complaint, and then we will discuss the choice of law and forum clause in the agreement as it relates to personal jurisdiction.

BREACH OF CONTRACT COUNT

DOT (SR) did not allege sufficient facts in its breach of contract count to establish personal jurisdiction under the Florida long-arm statute. The long-arm statute provides for jurisdiction over a nonresident defendant where the “cause of action aris[es] from ... [bjreaching a contract in this state by failing to perform acts required by the contract to be performed in this state.” § 48.193(l)(g). In other words, to establish jurisdiction under this statutory section, DOT (SR) must show that Tele-sur “failed to perform an act or acts whose performance was to be in Florida and that such breach formed the basis for the cause of action for which relief is sought by the plaintiff.” Cosmo. Health Spa, Inc. v. Health Indus., Inc., 362 So.2d 367, 368 (Fla. 4th DCA 1978). The mere fact that a foreign defendant agreed to perform a contractual obligation in Florida or entered a contract with a Florida resident is not enough to establish jurisdiction over that defendant. See Wash. Capital Corp. v. Milandco, Ltd., 695 So.2d 838, 841 (Fla. 4th DCA 1997); Cosmo. Health Spa, 362 So.2d at 369.
Here, DOT (SR) alleged that Telesur breached the agreement by refusing to designate DOT (SR)’s chosen technical contact, removing the servers to Suriname, and precluding DOT (SR) from registering subdomains under .sr. According to the complaint, the agreement provided that DOT (SR) would appoint the technical contact for .sr. Upon signing the agreement, DOT (SR) chose someone for the position, and to effectuate the appointment, Telesur and DOT (SR) needed to jointly notify ICANN and IANA. But Telesur refused to notify ICANN and IANA, thus preventing *1235 DOT (SR)’s technical contact from being appointed and, ultimately, blocking DOT (SR) from having shared control of the domain as provided for in the agreement. As a result of Telesur’s refusal to designate the technical contact, DOT (SR) was allegedly unable to fulfill its obligations under the agreement. But a review of the agreement itself, which was attached to the complaint, shows that it does not specify that Telesur was required to do anything to effectuate this appointment or that the appointment was required to be made in Florida.
The complaint also alleges that in September 2005, Telesur removed the servers and returned them to Suriname, precluding DOT (SR) from registering subdo-mains under ,sr. Though the complaint states the domain name server was initially installed at a DOT (SR) subsidiary’s premises in Florida, it also notes that the server was moved — with Telesur’s approval — to a facility operated by an entity called VeriSign, Inc., four years later. The complaint does not specify where Ver-iSign was located.[1] Because the complaint does not state that the servers were located in Florida at the time Telesur removed them and returned to Suriname, we do not reach the question of whether long-arm jurisdiction could be appropriately based on Telesur’s interference with a server located in Florida.
DOT (SR) further alleged in its complaint that the agreement provided that Telesur would supervise the quality of the domain name server in Florida. However, DOT (SR) did not explicitly allege that Telesur breached the agreement by failing to inspect the domain name server, and the agreement itself shows that inspection was not required. The agreement merely states that Telesur “shall have the right” to inspect DOT (SR)’s primary domain name server, not that Telesur was obligated to do so. Therefore, DOT (SR)’s allegations in this count are insufficient to support long-arm jurisdiction under 48.193(1)(g) because DOT (SR) has not shown that Telesur breached the agreement in Florida or even that Telesur was required to perform a contractual obligation in Florida.

DEFAMATION/TORTIOUS INTERFERENCE COUNTS

DOT (SR) did not allege sufficient facts in its defamation or tortious interference counts to establish personal jurisdiction under the Florida long-arm statute. The long-arm statute provides for jurisdiction over a nonresident defendant where the “cause of action aris[es] from ... [committing a tortious act within this state.” § 48.193(1)(b). For purposes of this subsection, a defendant need not be physically present in Florida in order to “commit a tortious act” in the state. Wendt v. Horowitz, 822 So.2d 1252, 1260 (Fla.2002). Indeed, “‘committing a tor-tious act’ in Florida under section 48.193(1)(b) can occur through the nonresident defendant’s telephonic, electronic, or written communications into Florida. However, the cause of action must arise from the communications.” Id. at 1260.
Here, DOT (SR) stated as to its defamation count that Telesur had contacted registrars, informing them that DOT (SR) was not paying Telesur; that DOT (SR) had no right to be registering international names; and that the registrars should not *1236 pay DOT (SR)’s registration fees. DOT (SR) alleged that Telesur acted in an intentional, malicious manner and in bad faith because it made false declarations to the registrars at the same time that negotiations between Telesur and DOT (SR) were proceeding and the agreement was in effect.
As to its count for tortious interference with business relationships, DOT (SR) alleged that it had established and maintained business relationships with hundreds of customers who had registered domain names under .sr through DOT (SR). Further, DOT (SR) anticipated registering hundreds — if not thousands — of additional domain names requested and renewed by these customers. DOT (SR) alleged that Telesur had intentionally, willfully, and maliciously interfered with DOT (SR)’s business relationships with current registrants and future business relationships with new registrants by refusing to transfer the technical contact title, by arbitrarily removing the domain name server, and by thus precluding DOT (SR) from continuing to register and renew domain names under .sr.
However, DOT (SR) did not allege that the registrars were contacted in Florida or that the business relationships with which Telesur allegedly interfered were based in Florida. The agreement was for sale of domain names worldwide, not just in Florida. And, as already noted, the server was no longer based in Florida when Telesur transferred it. So DOT (SR)’s allegations were insufficient to support jurisdiction under subsection 48.193(1)(b) because DOT (SR) did not allege that Telesur’s tortious conduct arose from communications into Florida.

CHOICE OF LAW PROVISION

Finally, we reject DOT (SR)’s argument that the “Choice of Law and Forum” provision in the agreement establishes personal jurisdiction over Telesur. Even if the clause were a valid choice of forum provision, “a contractual choice of forum clause designating Florida as the forum cannot serve as the sole basis for asserting in personam jurisdiction over an objecting, non-resident defendant.” McRae v. J.D./M.D., Inc., 511 So.2d 540, 544 (Fla.1987).

CONCLUSION

As the allegations in DOT (SR)’s complaint combined with the language in the agreement are insufficient to support asserting personal jurisdiction over Telesur, we reverse and remand for the circuit court to enter an order dismissing DOT (SR)’s complaint without prejudice.
Reversed and remanded with directions.
LaROSE and CRENSHAW, JJ., Concur.

. The complaint does not address VeriSign's location, but the technical contact’s affidavit indicates that VeriSign was located in Washington, D.C., and that DOT (SR) only maintained backup servers in Florida. So by the time Telesur removed the servers to Suriname, the main servers were no longer located in Florida.