LaROSE, Judge.
DOT (SR), Inc., appeals the trial court’s order dismissing its complaint against Telesur on remand from this court. See Telesur v. DOT (SR), Inc., 100 So.3d 1232 (Fla. 2d DCA 2012) (“Telesur I”). Because the trial court concluded that it could not consider DOT’S amended complaint, we must reverse.
In Telesur I, we reversed the trial court’s nonfinal order denying Telesur’s motion to dismiss the complaint for lack of personal jurisdiction. Id. at 1236. DOT’S jurisdictional allegations were inadequate. We held that “the allegations in DOT (SR)’s complaint combined with the language in the agreement [were] insufficient ... to establish personal jurisdiction over Telesur pursuant to Florida’s long-arm statute.” Id. at 1233, 1236 (citing § 48.193, Fla. Stat. (2009)). In our published opinion, we remanded for the trial court “to enter an order dismissing DOT (SR)’s complaint without prejudice.” Id. at 1236.
Inexplicably, the trial court and the parties received a version of our opinion that omitted the words “without prejudice,” ob-' viously an omission inconsistent with the result we intended and published. In the trial court on remand from Telesur I and in their briefs here, the parties presented their positions based on the version of our opinion that omitted the “without prejudice” language.
After our mandate issued but before dismissal, DOT filed an amended complaint attempting to cure the jurisdictional deficiencies. Telesur filed a motion urging the trial court to dismiss the case as a ministerial act pursuant to our mandate. Telesur acknowledged that dismissal did not preclude DOT from filing a complaint in another jurisdiction.[1] The trial court “carefully considered both the Opinion and the Mandate and ... [i]n accordance with the Opinion and the Mandate of the Second DCA, ... ordered and adjudged that DOT (SR)’s complaint [be] dismissed.” Unfortunately, both the trial court and the parties proceeded with an incorrect opinion.
Under the unique circumstances of this case, where we intended and issued a published opinion directing a dismissal, without prejudice, and observed that the initial complaint was deficient in jurisdictional allegations, DOT should have been permitted to amend its complaint. See *1241 Fla. R. Civ. P. 1.190(a); Boca Burger, Inc. v. Forum, 912 So.2d 561, 567 (Fla.2005); Williams v. Gaffin Indus. Servs., 88 So.3d 1027, 1029 (Fla. 2d DCA 2012).[2]
Precedent supports us. In Wells Fargo, the Third District held that the complaint failed to state a cause of action and reversed and remanded the case “for further proceedings.” Sunshine Sec. & Detective Agency v. Wells Fargo Armored Servs., 496 So.2d 246, 247 (Fla. 3d DCA 1986). The Third District considered the case again after Wells Fargo filed an amended complaint on remand and the trial court dismissed the amended complaint on statute of limitations grounds. Wells Fargo Armored Servs. v. Sunshine Sec. & Detective Agency, 538 So.2d 92, 93-94 (Fla. 3d DCA 1989). The Third District affirmed on the basis that the law-of-the-case doctrine “precluded ... reopening the case and filing an amended complaint on remand.” Id. at 93.
The supreme court disagreed. Wells Fargo Armored Services v. Sunshine Security & Detective Agency, 575 So.2d 179 (Fla.1991). “The law-of-the-case doctrine was meant to apply to matters litigated to finality, not to matters that remain essentially unresolved due to the erroneous ruling of a lower court.” Id. Because the Third District originally reversed and remanded for further proceedings for failure to state a cause of action, “[t]he effect was to return this proceeding to the. lower court as though the erroneous ruling never had been made[ — ]as though, without regard to the intervening appeal, a complaint had been filed that failed to state a cause of action.” Id. Similarly, our reversal in Telesur I was based on pleading deficiencies.
Fitchner v. Lifesouth Community Blood Centers, Inc., 88 So.3d 269 (Fla. 1st DCA 2012), is also instructive. In Lifesouth, the First District in a previous opinion reversed a judgment for noncompliance with presuit notice requirements and remanded “for the trial court to enter an order granting appellant’s motion to dismiss.” Id. at 273 (quoting Lifesouth Cmty. Blood Ctrs., Inc. v. Fitchner, 970 So.2d 379, 381-84 (Fla. 1st DCA 2007)). On remand, the trial court dismissed the complaint. Lifesouth, 88 So.3d at 271. “[T]he opinion did not expressly direct the trial court to dismiss the action with prejudice or to enter judgment for Lifesouth.” Id. at 273. On remand, the trial court considered the remand proceeding’s permissible scope. Id. Lifesouth argued that the trial court could only enter a judgment in its favor, while the Fitchners contended that the reversal’s effect was to return the case to the status that would have resulted had the trial court properly granted the dismissal motion, with an opportunity to amend. Id. The trial court interpreted the mandate to permit further proceedings but ultimately dismissed the complaint with prejudice because it rejected the Fitchners’ argument that presuit notice requirements could be excused. Id. at 274.
The Fitchners appealed. Id. Lifesouth argued that the trial court erred in considering the presuit notice on remand instead of following the mandate’s directive to dismiss the case. Id. The First District held that “[t]he trial court correctly interpreted the mandate to allow further proceedings on the Fitchners’ claim.” Id. The previous appeal did not decide the case but restored it to the pleading stage. Id. at 277. The court stated that “[w]hen an appellate *1242 court holds that the trial court should have dismissed the complaint, the effect is precisely the same as it would have been had the trial court dismissed the complaint in the first instance.” Id. at 276.
That is the case here. The trial court should have considered DOT’S amended complaint. Therefore, we reverse and remand. In doing so, we take no position as to whether the amended complaint cures the jurisdictional deficiencies we noted in Telesur I.
Reversed and remanded for further proceedings.
SILBERMAN and BLACK, JJ., Concur.

. At oral argument, Telesur recognized that potential statute of limitations issues lurked around any new lawsuit.

. "The filing of a motion to dismiss does not end the plaintiff’s absolute right to amend the complaint once.” Williams, 88 So.3d at 1030. Neither can a trial court deny a request to amend based on the defendant’s argument that amending the complaint will be futile. Id. (citing Boca Burger, Inc., 912 So.2d at 567).