KELSEY, J.
Appellant, Plaintiff below, challenges the trial court’s order dismissing with prejudice- its breach of contract complaint against Appellee, Defendant, for lack of personal jurisdiction. We conclude that the uncontroverted jurisdictional allegations of Plaintiffs complaint were sufficient to establish personal jurisdiction over Defendant, and the trial court abused its discretion in refusing to allow Plaintiff to amend its complaint or its declarations in opposition to dismissal. Accordingly,- we reverse.
Jurisdictional Allegations.
Plaintiffs complaint alleged that Plaintiff is a Florida corporation with a place of business in Jacksonville, Florida. The complaint alleged that Defendant, a California company, pursued business in Florida through numerous communications in writing and over the phone, and by its representatives’ traveling to Florida to procure the business. The complaint alleged that the parties entered, and Defen- • dant committed acts constituting a breach of, a written agreement for Defendant to engineer and construct water-resistant, two-way-communication nurse call devices for use in hospitals.
The parties’ agreement was an exhibit to the complaint and thus part of the complaint for all purposes. Fla. R. Civ. P. 1.130(b) (“Any exhibit attached to a pleading shall be considered a part thereof for all purposes.”). The parties’ agreement required that all notices to Plaintiff must be made at Plaintiffs Jacksonville, Florida address. Under the agreement, - Defendant was required to provide deliverables to Plaintiff in Florida — initially prototypes, and ultimately finished, marketable products. Upon termination of the contract, Defendant was required to deliver to Plaintiff in Florida all records, documentation, plans, tools, and equipment relating to- Plaintiffs business and the work performed under the agreement.
The complaint alleged that, although the agreement contemplated Defendant would deliver final products Compliant with Plaintiffs specifications within 16 weeks, and Plaintiff paid Defendant $110,000, over a year passed without delivery of satisfactory marketable products. The complaint alleged that the deliverables Defendant provided to Plaintiff failed to comply with the agreement. -When Plaintiffs attempts to discuss the problems failed, Plaintiff gave notice of termination and demanded a refund of its payments, ultimately filing suit seeking damages for lost profits, delays in marketing its product, injury to its reputation, and lost revenues.

Defendant’s Challenge To The Jurisdictional Allegations.

Before answering the complaint, Defendant moved to dismiss it for lack of personal jurisdiction or, alternatively, forum non conveniens. Defendant denied engaging in business in Florida and denied that the contract was to be performed in Florida. Defendant asserted that it “only made two trips to Florida to meet with Plaintiffs employees but performed no services in Florida at those meetings.” Defendant did not deny the other jurisdictional allegations of the complaint.
*890 In support of its motion to dismiss, Defendant filed the sworn affidavit-of its Chief Executive Officer, denying Defendant had done any of the following in Florida:
With respect to Florida, [Defendant] does not and has not:
a. Owned any real or personal property in Florida;
b. Have an office or designated agent in Florida;
c. Have a Florida bank account;
d. . Have a Florida property tax listing;
e. Registered to do business in Florida;
f. Have any employees in the state of Florida;
g. Carried on any business in Florida;
h. Earned any income performing services in the state of Florida;
i. Committed any tortious action in the state of Florida;
j. Agreed to be suhject to the jurisdiction of the state of Florida or consented to venue in Florida;
k, Breached any contracts or agreements in Florida..

Plaintiff’s Response Supporting Jurisdiction.

Plaintiff filed a response to Defendant’s motion to dismiss, arguing that the uncon-troverted jurisdictional allegations of the complaint were sufficient to establish jurisdiction and if they were not, the declarations of Plaintiffs president and its hardware engineer added facts supporting the exercise of jurisdiction. Neither of Plaintiffs two “declarations” was sworn or notarized. .
In the first declaration, Plaintiffs president confirmed that. Defendant’s representatives traveled to Jacksonville, Florida, twice to negotiate the agreement and its terms, including deadline, schedule for deliverables, and cost. After one meeting, Defendant’s president informed Plaintiffs president that he (Defendant’s president) was meeting with another potential customer in the Jacksonville area. Thereafter, through multiple telephone conferences, Defendant’s representatives solicited Plaintiff to expand the parties’ contractual relationship to encompass additional work over a longer term. Defendant and its agents were in “constant communication ... via telephone, e-mail, telefax, and regular mail,” including “well over 100 e-mail communications and scores of phone calls to [Plaintiffs] employees in Florida concerning the device.” Defendant delivered to Plaintiff in Jacksonville, Florida, a list of technical requirements, a 3-D mechanical model, a plastic model of the circuit boards, and a call unit for testing. Plaintiffs president stated that the parties’ agreement was negotiated in Plaintiffs Florida office and that he signed it in his Florida office. He asserted that the breach occurred in Florida “by virtue of Defendant’s tender of totally defective deliverables to my Florida office.”
The second declaration filed with Plaintiffs response to Defendant’s motion to dismiss was that of Plaintiffs hardware engineer. He repeated that Defendant and its agents were in constant communication with Plaintiffs employees during the entire 12-month course of performance under the agreement, and mostly with him as the employee most knowledgeable about the technical requirements of the project. He quantified the communications as encompassing well over 100 e-mail communications regarding the call device, many dealing with the engineer’s belief that the design of the unit was flawed; and he maintained there were scores of phone calls. He also stated that Defendant delivered to Plaintiffs Jacksonville, .Florida office “a list of the technical requirements, *891 the 3D mechanical model, a plastic model of the circuit boards, as well as a unit for testing, all of which were defective in one way or another.”

The Hearing And The Dismissal With Prejudice.

At the very brief hearing on Defendant’s motion to dismiss, the trial judge noted that she had not received Plaintiffs response or declarations. The docket reflects that they had been filed with the clerk and served on opposing counsel a week before the hearing. Plaintiffs counsel stated that she had e-mailed the judge’s assistant to arrange direct delivery of a copy of the papers but did not hear back from the assistant. The judge acknowledged that there had been problems with e-mail delivery to her assistant and suggested counsel communicate by phone, next time.
At this hearing, Defendant argued that Plaintiffs witness “declarations” were not valid because they were not made under oath or affirmation and therefore could not be considered at all. Although Plaintiff represented that the declarations could be refiled promptly in the correct form, and sought leave to amend them, Defendant argued that no amendment could be allowed because the unsworn declarations were a legal nullity and therefore Plaintiff had in effect presented no evidence opposing dismissal, which required the trial court to dismiss without allowing amendment. Plaintiff’s counsel acknowledged the “procedural- deficiencies” in the declarations, because “they: do not include the language, I declare- under penalty of perjury.” Counsel offered to submit amended affidavits and requested leave to amend the complaint, but the trial court.rejected Plaintiff’s requests:
THE COURT: Your complaint is not a verified complaint, and you have not submitted any affidavit or declaration to traverse the allegations of the defendant’s jurisdictional affidavit. The case law is clear that under the circumstance, I must grant the motion, and I do grant the motion.
[[Image here]]
[PLAINTIFF’S COUNSEL]: And that’s with leave to amend?
THE COURT: No, ma’am. That is not. It is finding that there is no jurisdiction here in Florida. Obviously, there may be jurisdiction elsewhere. Thank you.
The trial court entered a final order of dismissal with prejudice, expressly without leave to amend.
Plaintiff moved for reconsideration, arguing it was an abuse of discretion to dismiss with prejudice where Plaintiff had demonstrated its ability and desire to amend to allege ’additional facts and to cure the technical defects in the declarations. Plaintiff argued in the alternative that the original complaint alleged sufficient jurisdictional facts to support the court’s exercise of jurisdiction over Defendant. The trial court denied the motion for reconsideration.

Preservation And Standard Of Review.

On appeal, Plaintiff argues that the allegations of the complaint were sufficient to sustain Florida’s exercise of personal jurisdiction over Defendant even.without being amended to include the statements set forth in the unsworn witness declarations. Plaintiff also argues that.it should have been permitted to amend its complaint as requested below, and the-additional facts set forth in its witness declarations would bolster a finding that Defendant is subject to personal jurisdiction in Florida. Plaintiff raised the same issues and arguments below. We therefore find that Plaintiff preserved its arguments for our review.
We review de novo the trial court’s assessment of whether jurisdiction *892 al allegations are legally sufficient. State, Office of Att’y Gen., Dep’t of Legal Affairs v. Wyndham Int’l, Inc., 869 So.2d 592, 596 (Fla. 1st DCA 2004). We review for abuse of discretion the trial court’s decision to prohibit amendment of the complaint. Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Co-op. Bank, 592 So.2d 302, 305 (Fla. 1st DCA 1991) (“[Rjefusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or amendment would be futile.”).

Plaintiff’s Uncontroverted Original Allegations Were Sufficient.

Plaintiff argued below, and argues here, that the uncontroverted allegations of its complaint, taken together with the terms of the parties’ agreement attached to and incorporated in the complaint, were themselves sufficient to satisfy (1) Florida’s long-arm statute and (2) constitutional considerations of due process. The Florida Supreme Court established this two-pronged analysis in Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). That case required courts to evaluate both whether the long-arm statute is satisfied, and whether the defendant has minimum contacts with the forum state such that exercise of jurisdiction would comport with “traditional notions of fair play and substantial justice” under International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Venetian Salami, 554 So.2d at 502. This due process analysis asks whether the defendant’s conduct and connection with Florida are such that the defendant should reasonably anticipate being sued in Florida. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
Plaintiff argued that its complaint satisfied both the long-arm statute and due process requirements. The trial court, however, implicitly rejected this argument by ruling only on the insufficiency of Plaintiffs unsworn declarations filed in opposition to Defendant’s motion to dismiss. That is, if the allegations of the complaint standing alone were sufficient to invoke personal jurisdiction over Defendant, it becomes irrelevant that Plaintiffs subsequently-filed witness declarations were un-sworn. We therefore address the threshold sufficiency of Plaintiffs complaint first, and then we will address the question of allowing amendment to cure deficiencies.
We agree with Plaintiff that the facts alleged in the complaint and in the attached agreement were sufficient to establish personal jurisdiction over Defendant, and Defendant did not controvert the jurisdictional allegations of the complaint. The complaint and its exhibits demonstrated that Defendant pursued business in Florida through numerous communications in writing, electronically, and by phone; and Defendant’s representatives traveled to Florida to procure the business. Defendant did not deny any of those allegations, and admitted its representatives traveled to Florida in connection with the agreement giving rise to the cause of action.
In addition, the parties’ agreement, attached to and part of the complaint, required that notices and deliveries be sent to Plaintiff in Florida. Defendant did not deny that. The complaint alleged that Defendant provided deliverables to Plaintiff, and Defendant did not deny that. The complaint alleged that Plaintiff demanded a refund of the money Plaintiff had paid Defendant under the agreement (which would be paid to Plaintiff in Florida), and Defendant did not deny that. Uncontro-verted allegations'such as these have been held legally sufficient to create long-arm *893 jurisdiction in Florida, and we hold that these allegations created personal jurisdiction over Defendant here, both as to (1) the long-arm statute and (2) due process requirements.
(1) Long-Arm, Jurisdiction. Under two relevant provisions of Florida’s long-arm statute, personal jurisdiction exists over a non-resident defendant that (a) does sufficient business in Florida or (b) breaches a contract in Florida:
Acts subjecting person to jurisdiction of courts of state.—
(l)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
[[Image here]]
7. Breaching a contract in this state by failing to perform acts required by the contract to' be performed in this state.
§ 48.193(l)(a)l, 7, Fla. Stat. (2015).
If a defendant’s affidavits supporting dismissal for lack of personal jurisdiction merely assert legal conclusions or otherwise fail to controvert the pertinent factual allegations of a complaint, the burden of proof on the existence or- nonexistence of jurisdiction does not shift back to the plaintiff. Acquadro v. Bergeron, 851 So.2d 665, 673 (Fla.2003) (finding exercise of personal jurisdiction proper where defendant’s affidavit was conclusory and did not refute underlying facts giving rise to jurisdiction); see also, e.g., Lampe v. Hoyne, 652 So.2d 424, 426 (Fla. 2d DCA 1995) (holding burden never shifts back to plaintiff if “the nonresident defendant’s affidavit does not sufficiently refute the jurisdictional allegations.”). Thus, the determination of whether long-arm jurisdiction exists does not turn on a defendant’s providing a list of ways it is not active in Florida, or a list of ways the plaintiff is active in another jurisdiction; but .rather analyzes whether the defendant directly controverts the specific facts alleged in the complaint as a basis of jurisdiction.
(a) Doing Business In Florida. We find that Defendant’s business activities in Florida. as alleged in Plaintiffs complaint were sufficient to satisfy sub-paragraph (l)(a)l of the long-arm statute. Defendant did not controvert the allegations of the complaint that Defendant engaged in several forms of ongoing, extensive communications with Plaintiffs representatives in Florida; traveled to Florida; entered an agreement requiring Defendant to send deliverables to Florida; and did send deliverables to Florida. These allegations established engaging in business in Florida under section 48.193(l)(a)l of the Florida Statutes. Because Defendant did not refute these allegations, Plaintiff was not required to file any counter-affidavits and was entitled to a ruling that long-arm jurisdiction existed. Acquadro, 851 So.2d at 672-73; Lampe, 652 So.2d at 426.
Allegations similar to those made in Plaintiffs complaint appear fairly regularly in casés involving long-arm jurisdiction, and are sufficient' to support such jurisdiction. We have indicated previously that long-arm jurisdiction will exist when a nonresident defendant procures business in Florida, even if the procurement resulted from only sporadic attempts to obtain business in Florida. Price v. Point Marine, Inc., 610 So.2d 1339, 1342 (Fla. 1st DCA *894 1992) (“Absent a continued and sustained effort to procure business, or actual procurement of business, these activities are insufficient to constitute substantial activities within the state of Florida”) (emphasis added). We have held that personal jurisdiction exists over a non-resident defendant that sent representatives to Florida twice to solicit businéss, and sent numerous letters and faxes in connection with that business. Citicorp Ins. Brokers v. Charman, 635 So.2d 79, 81 (Fla. 1st DCA 1994).
’Likewise, other district ..courts have concluded that similar activities suffice to establish long-arm jurisdiction over nonresident defendants. The Fifth District concluded that a-North Carolina company was subject to the jurisdiction of the Florida court because the defendant company entered into an oral contract with the Florida plaintiff, its employees communicated telephonically with plaintiffs employees in Florida, and it failed to make payments required to be made in Florida. Aspsoft, Inc. v. WebClay, 983 So.2d 761, 766 (Fla. 5th DCA 2008). The Third District has "held that a non-resident insurance broker who corresponded extensively with the Florida plaintiff, and traveled to Florida one time to renew the resulting insurance-policy, was subject to long-arm jurisdiction. Naviera Mayaca Express S. de R.L. v. Brauer & Assocs., Inc., 559 So.2d 1230 (Fla. 3d DCA 1990). The Fourth District has held that the non-resident defendant’s sales of product to a Florida plaintiff, and its president’s visit.to plaintiff in Florida to discuss the product, satisfies the long-arm statute. Dublin Co. v. Peninsular Supply Co., 309 So.2d 207, 210 (Fla. 4th DCA 1975).
. Following Florida law on the same question, a federal district court has held that a non-resident defendant was subject to personal jurisdiction in Florida after soliciting business in Florida; traveling here to discuss that business and resulting contract; and “engaging] in extensive correspondence, phone conversations, and telefaxes” with the plaintiffs representatives in Florida. Future Tech. Int’l, Inc. v. Tae Il Media, Ltd., 944 F.Supp. 1538, 1556 (S.D.Fla.1996), Consistent with these authorities, the uncontroverted factual allegations of Plaintiffs complaint are sufficient to establish long-arm jurisdiction over Defendant.
(b) Breaching A Contract In Florida. We also find, that the allegations of the complaint regarding Defendant’s failure to perform required acts in Florida were sufficient to satisfy the breach of contract provision in subparagraph (l)(a)7 of the long-arm statute. Although the complaint alleged breach of contract and Defendant denied having committed such a breach, Defendant’s conclusory denial of the ultimate legal issue to be resolved in the lawsuit was not controlling and was ineffective to defeat jurisdiction. Rather, the proper focus is on the facts alleged that related to Defendant’s “failure to perform acts required by the contract to be performed in this state.” § 48.193(l)(a)7, Fla. Stat. (emphasis added).
Breach of contract occurs in Florida upon the breaching party’s failure to perform an act required to be performed in Florida. Lacy v. Force v. Corp., 403 So.2d 1050, 1056 (Fla. 1st DCA 1981). Under this rule, an Ohio company was subject to personal jurisdiction in Florida to defend a complaint alleging breach of contract, where the parties’ agreement obligated the defendant, to provide equipment to- the plaintiff in Florida and the plaintiff alleged both that the equipment was late and that it did not conform to contract specifications. Lacy, 403 So.2d at 1052. So too here, the complaint alleges that Defendant was obligated-to provide its prototypes and *895 end product to Plaintiff in Florida, and Defendant failed to provide products meeting the contractual specifications, thus breaching the contract; The complaint alleged acts to be performed in Florida and Defendant’s failure to perform them, and these allegations satisfied the long-arm statute.
(2) Due Process Was Satisfied. In light of the uncontroverted allegations of Plaintiffs complaint, we also find that the exercise of personal jurisdiction over Defendant comports with the requirements of due process. Venetian Salami, 554 So.2d at 502 (citing Int’l Shoe Co., 326 U.S. at 316, 66 S.Ct. 154). Defendant reasonably should have anticipated being haled into a Florida court in the event of a legal dispute over its performance under these parties’ agreement. Our conclusion is supported by analogous case law. E.g., Future Tech Int’l, 944 F.Supp. at 1560 (finding that due process was satisfied where defendant traveled to Florida, negotiated with plaintiff in Florida, and directed correspondence and phone calls to plaintiff in Florida); Naviera Mayaca, 559 So.2d at 1231 (concluding due process was satisfied where defendant corresponded extensively with Florida plaintiff regarding their business relationship and sent a representative to Florida to discuss and renew the contract).
Because the uncontroverted jurisdictional allegations of .Plaintiffs original complaint satisfied both Florida’s long-arm statute and constitutional requirements of due process, the trial court should have denied Defendant’s motion to dismiss and allowed the case to proceed. Even if we had determined that the original complaint was subject to dismissal, however, we would reverse for further proceedings because the trial court should have allowed Plaintiff to amend.

Amendment Should Have Been Allowed.

Faced with Defendant’s motion to dismiss and argument that unsworn declarations were insufficient to avoid dismissal, Plaintiff expressly sought leave to (1) amend its complaint and (2) cure the deficiencies in the unsworn declarations. Although we have resolved the appeal on grounds of the sufficiency of Plaintiffs un-controverted jurisdictional allegations, we would also reverse because- of the trial court’s abuse of discretion in denying Plaintiffs requests to amend the complaint and-declarations. We find that (1) courts should allow plaintiffs to file amended pleadings under similar circumstances; and (2) the right to amend should extend to correction of defects in declarations and affidavits.
Florida Rule of Civil Procedure 1.190 requires that courts- liberally allow amendments and disregard insubstantial errors or defects:
(a) Amendments. A party may amend a pleading once’ as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar; may so amend it at any time within 20 days - after it is served. Otherwise , a party may amend a pleading only by leave of court or by written consent of the adverse party. If a party files a motion to amend a pleading, the party shall attach the proposed amended pleading to the motion. Leave of court shall be given freely when justice, so requires. A party .shall plead in response to an amended pleading within 10 days after service of the - amended pleading unless the court otherwise orders. ,
[[Image here]]
(e) Amendments Generally. At any time in furtherance of justice, upon such *896 terms as may bé just, the court may permit any process, proceeding, pleading, or record to be amended or material supplemental matter to be set forth in an amended or supplemental pleading. At every stage of the action the court must disregard any error or defect in the .proceedings which does not affect the substantial rights of the parties. .
Fla. R. Civ. P. 1.190(a), (e). This rule applies to Plaintiffs requested amendment of both its complaint and its supporting declarations. .
(1) Allow Amended Pleadings. Florida courts have long adhered to a strong public policy of construing Rule 1.190 liberally absent abuse of the privilege, particularly as to a pre-answer first amendment. Town of Micanopy v. Connell, 304 So.2d 478, 480 (Fla. 1st DCA 1974) (“[Djoubts should be resolved in favor of allowing amendments unless and until it appears that the privilege to amend will be abused.”). The policy of liberal amendment applies in the context of a challenge to personal jurisdiction. Lopez v. La Fuente, 343 So.2d 930, 931 (Fla. 3d DCA 1977) (allowing amendment following dismissal for failure to sufficiently allege facts demonstrating personal jurisdiction).
This policy of liberal amendment was applied with respect to jurisdictional allegations in DOT (SR), Inc. v. Telesur, 136 So.3d 1239 (Fla. 2d DCA 2014). The appellate court had held previously that a complaint should have been dismissed for lack of personal jurisdiction, but that the dismissal should have been without prejudice. Due to an appareht scrivener’s error, however, the phrase “without prejudice” was omitted from the version of the court’s opinion transmitted to the lower tribunal and the parties. On remand the trial court refused to accept the plaintiffs amended complaint; and the plaintiff appealed. In the second appeal, the court reaffirmed its ruling that even if a complaint is dismissed for insufficient jurisdictional allegations, the dismissal should be without prejudice and the plaintiff should be allowed to amend its complaint. The court went on to note that this right to amend is an “absolute right” under Rule 1.190: “ ‘The filing of a motion to dismiss does not end the plaintiff’s absolute right to amend the complaint once.’ ” Telesur, 136 So.3d at 1241 n. 2 (emphasis added) (quoting Williams v. Gaffin Indus. Servs., 88 So.3d 1027, 1030 (Fla. 2d DCA 2012)); see also Henderson v. Elias, 56 So.3d 86, 90 (Fla. 4th DCA 2011) (holding dismissal should be without prejudice where allegations were insufficient to establish long-arm jurisdiction); Gerber Trade Fin., Inc. v. Bayou Dock Seafood Co., 917 So.2d 964, 968 (Fla. 3d DCA 2005) (reversing dismissal with prejudice for insufficient jurisdictional allegations, where right to amend had. net been abused, defendant would not be prejudiced, and amendment would not be futile); World Class Yachts, Inc. v. Murphy, 731 So.2d 798, 799-800 (Fla. 4th DCA 1999) (finding it error to dismiss complaint with prejudice where jurisdictional facts were deficient).
In this case, the question of amendment should not have arisen, because as we have explained above, the complaint’s uncontroverted jurisdictional allegations were sufficient to establish personal jurisdiction over Defendant. When the question nevertheless did arise, the trial court abused its discretion in refusing to allow Plaintiff to amend its complaint. This was Plaintiffs first request for leave to amend; which was not abusive. The amendment would not have been futile because the additional factual allegations of the witness declarations would have bolstered the factual basis for finding that personal jurisdiction existed. Defendant would have had the right to move to dis *897 miss again if it wished to do so, and therefore would not have been prejudiced. On these facts, the trial court should not have deemed the defects in the declarations to be fatal flaws prohibiting amendment of either the complaint or the declarations themselves. • -
(2) Allow Correction Of Defects. If Plaintiff had been allowed to amend its complaint, the question of insufficiency of its declarations opposing dismissal would have been rendered moot, because the new pleading would require Defendant to file a new motion and new affidavits if it still wished to contest jurisdiction. As this case developed below, however, the insufficiency of Plaintiffs unsworn declarations was raised for the first, time at the hearing on Defendant’s motion to dismiss. Immediately upon realizing the deficiency in the form of the unsworn declarations, Plaintiffs counsel stated that it would be a simple matter to have the witnesses present the same information under oath, and expressly requested leave to do so. The trial court’s denial of the opportunity to cure the defects in the declarations was an abuse of discretion.
We note again Florida’s strong public policy favoring resolution of disputes on their merits, and its strong policy in favor of allowing amendments and disregarding technical defects. See Fla. R. Civ. P. 1.190(e) (“At every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.”). In the summary judgment context, which is analogous to the posture of this case, the Florida Supreme Court has held that it was a departure from the essential requirements of law to deny a party the opportunity to amend its affidavit opposing summary judgment. Stephens v. Dichtenmueller, 216 So.2d 448, 450 (Fla.1968) (error to deny opportunity to amend affidavit where defects “were largely technical and may have been amenable to correction”). To support its ruling in.Stephens, the supreme court relied on the seminal case on summary judgment, Holl v. Talcott, 191 So.2d 40 (Fla.1966). The court there held that the trial court should have allowed the party opposing summary judgment to file amended affidavits to cure defects in the first one: (“[I]t appears that the defects were largely technical and subject to correction. A liberal treatment of the petitioners’ motion should have led to an order giving them the opportunity to supply the deficiencies.”). Holl, 191 So.2d at 47; see also, e.g., United Auto. Ins. Co. v. Affiliated Healthcare Ctrs., Inc., 43 So.3d 127 (Fla. 3d DCA 2010) (finding departure from essential requirements of law in trial court’s refusal to permit amendment of summary judgment affidavit’s technical defects; collecting similar cases); cf., Bower v. C.J. Timm Inv. Co., 630 So.2d 678, 680 (Fla. 2d DCA 1994) (allowing plaintiff to file amendment to correct defect in the jurat (the notary’s acknowledgment) of affidavit opposing motion to dismiss for lack of personal jurisdiction).
Whereas these authorities all involved a party’s request- to amend an affidavit to cure defects as does the case here, Defendant below relied on cases involving materially different facts, arguing to the trial court that a defective declaration was tantamount to no affidavit at all and therefore Defendant was entitled to dismissal of the complaint with prejudice as a matter of law. Hampton Island Pres., LLC v. Club & Cmty. Corp., 998 So.2d 665, 668. (Fla. 4th DCA 2009) (finding dismissal proper where plaintiff had already amended twice and filed no affidavit to controvert defendant’s affidavits challenging jurisdiction); Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle, 955 So.2d 598, 600 (Fla. 2d DCA 2007) (affirming dismissal *898 for lack of jurisdiction where plaintiff “did not file any countervailing affidavits” but merely challenged ■ credibility of defendant’s affidavits); Wash. Capital Corp. v. Milandco, Ltd., Inc., 695 So.2d 838, 840 (Fla. 4th DCA 1997) (affirming dismissal of complaint where plaintiff had already amended and “did not controvert any of the allegations in defendants’ affidavit”). These cases that Defendant presented to the trial court below did not involve a first amendment, a proper affirmative request for leave to amend, or mere technical and readily curable defects in a witness statement. These distinguishable cases cannot properly be construed as defeating the substantial authorities cited above requiring liberal granting of amehdments as to complaints and affidavits alike. ■

Conclusion,

In conclusion, we hold that the trial court erred in treating the' allegations of the complaint as legally insufficient to establish personal’jurisdiction over'Defendant. We also, hold that the trial court abused its discretion in dismissing Plaintiffs complaint with prejudice rather than allowing Plaintiff to amend either its complaint or its declarations or both. Because we find that the trial court had personal jurisdiction over Defendant under both Florida’s long-arm statute and due process considerations, we reverse and remand for further proceedings consistent with this opinion.
REVERSED.
B.L. THOMAS, J., concurs; BILBREY, J., dissents with opinion.