[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14979
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cv-81745-DLB

TAIRIA LEE,
LASHAWNE JOSAPHAT,
as Guardian of Tairia Lee,

Plaintiffs - Appellees,

versus

NATIONAL RAILROAD PASSENGER CORPORATION,
d.b.a. Amtrak, et al.,

Defendants,

VEOLIA TRANSPORTATION MAINTENANCE AND INFRASTRUCTURE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 27, 2019)

Before WILSON, MARTIN, and BRANCH, Circuit Judges.

PER CURIAM:

Veolia Transportation Maintenance and Infrastructure, Inc., appeals the

district court's denial of reconsideration of the denial of Veolia's motion for

summary judgment on its claim to sovereign immunity under Fla. Stat. § 768.28.

After careful review, we affirm.

At the outset, we must clarify which orders are properly before us in this

interlocutory appeal.  The parties have briefed the case as though we are reviewing

the district court's summary judgment order.  But to the extent Veolia asks us to

review the district court's denial of summary judgment, we have no jurisdiction to

do so.[1]

We lack jurisdiction for two reasons.  For starters, the notice of appeal does

not identify the summary judgment order as the order appealed from, as Federal

_____

[1] The plaintiffs' failure to address the jurisdictional issue is of no moment.  A party cannot create subject-matter jurisdiction by consent.  See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S. Ct. 2099, 2104 (1982).  "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  Hertz Corp. v. Friend, 559 U.S. 77, 94, 130 S. Ct. 1181, 1193 (2010).

2

Rule of Appellate Procedure 3 requires.  See Fed. R. App. P. 3(c)(1)(B).  Under

our precedent,

> an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal.  Although we generally construe a notice of appeal liberally, we will not expand it to include judgments and orders not specified unless the overriding intent to appeal these orders is readily apparent on the face of the notice.

Weatherly v. Ala. State Univ., 728 F.3d 1263, 1271 (11th Cir. 2013) (quotation

marks omitted).  The notice Veolia filed identified only the reconsideration order,

even specifying the date it was entered.  Veolia's notice of appeal evidences no

"overriding intent to appeal" the summary judgment order.

Second, even if Veolia had specified the summary judgment order, the

notice was untimely as to that order.  Federal Rule of Appellate Procedure 4

requires a notice of appeal to be filed "within 30 days after entry of the judgment

or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  This time-limit is

"mandatory and jurisdictional."  Love v. Wal-Mart Stores, Inc., 865 F.3d 1322,

1324 (11th Cir. 2017) (quoting Bowles v. Russell, 551 U.S. 205, 209, 127 S. Ct.

2360, 2363 (2007)).  The time to appeal is tolled during the pendency of a Rule

59(e) motion for reconsideration, but only if the motion is filed within 28 days of

the summary judgment order.[2]  See Fed. R. App. P. 4(a)(4) (providing that certain

---

[2] We regard Veolia's motion as one for reconsideration under Rule 59(e), not one for relief from judgment under Rule 60, as the district court did.  See Green, 606 F.3d  at 1299–300.  We

motions toll the time to appeal if timely filed); Fed. R. Civ. P. 59(e) (giving 28

days to file a motion to alter or amend the judgment); see also Green v. DEA, 606

F.3d 1296, 1302 (11th Cir. 2010) (holding that Rule 4 requires the motion to be

timely to toll the time for appeal).  Veolia filed its reconsideration motion 51 days

after the district court denied summary judgment.  Thus, Veolia's reconsideration

motion did not toll the time to appeal, and any notice of appeal of the summary

judgment order would be untimely.  Either reason suffices for us to conclude we

have no jurisdiction to review the underlying summary judgment order.

We now turn to the order we do have jurisdiction to review: the order

denying reconsideration of the denial of summary judgment.  We review the denial

of a Rule 59(e) motion for reconsideration for abuse of discretion.[3]  Region 8

Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir.

1993).  "The only grounds for granting [a Rule 59(e)] motion are newly-discovered

evidence or manifest errors of law or fact."  In re Kellogg, 197 F.3d 1116, 1119

(11th Cir. 1999).  Parties "cannot use a Rule 59(e) motion to relitigate old matters,

---

understand that Veolia intended its motion to be a Rule 59(e) motion when it erroneously cited
Rule 59(c).  Even if we considered it a Rule 60 motion, however, the appeal would still be
untimely as to the summary judgment order.  Rule 4 provides that the time to appeal is tolled
only if a Rule 60 motion is filed within 28 days of the order appealed from.  Fed. R. App. P.
4(a)(4)(A)(vi).  Thus, the same analysis would apply regardless of whether we treat the motion
as one under Rule 59(e) or Rule 60.

[3] The parties say we should review de novo the district court's denial of reconsideration.  This is
not correct.  We have long held that reconsideration "is committed to the sound discretion of the
trial judge."  Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1238–39
(11th Cir. 1985).

raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).

We see no abuse of discretion in the district court's denial of Veolia's motion for reconsideration.[4] Veolia's reconsideration motion did not point to any manifest errors of law or fact, and Veolia has not pointed to any on appeal. Its reconsideration motion reiterated statutory interpretation arguments it made in its summary judgment motion but added some additional supporting authority. Those authorities were decided in 2011 and 2003, respectively, and thus were available to Veolia at the time it filed its summary judgment motion. See Peak v. Outward Bound, Inc., 57 So. 3d 997 (Fla. 2d DCA 2011); Sierra Associated Marine Insts., Inc., 850 So. 2d 582 (Fla. 2d DCA 2003). Indeed, the plaintiffs cited these authorities in their summary judgment response, so Veolia could have addressed them in its reply. It did not. The district court was well within its discretion to deny reconsideration on the basis that Veolia's motion did nothing but repeat arguments or raise arguments it could have made earlier.

**AFFIRMED.**

---

[4] The district court granted Veolia's motion for reconsideration to the extent it expressly ruled that Veolia was not entitled to sovereign immunity at this stage. The court's denial of summary judgment to Veolia on the sovereign immunity claim remained intact. It is the denial of reconsideration of the denial of summary judgment we review here, and not the rationale underlying the ruling on the summary judgment motion.